FILED
United States Court of Appeals
Tenth Circuit

December 5, 2008

Elisabeth A. Shumaker
Clerk of Court

**PUBLISH**

# UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

THEOMAS RHODES,

     Defendant-Appellant.

No. 08-2111

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
(D.C. No. 2:97-CR-00638-JEC-1)**

Barbara A. Mandel, Assistant Federal Public Defender, Las Cruces, NM, for Defendant-Appellant.

Terri J. Abernathy, Assistant United States Attorney, (Gregory J. Fouratt, United States Attorney, on the brief), Las Cruces, NM, for Plaintiff-Appellee.

Before **BRISCOE, EBEL,** and **HARTZ,** Circuit Judges.

**BRISCOE**, Circuit Judge.

Defendant Theomas Rhodes was originally sentenced in 1997 for his role in a conspiracy to possess with intent to distribute crack cocaine. Following the Sentencing Commission's 2007 amendment of the crack cocaine-related Sentencing Guidelines,

Rhodes sought and was granted a modification of his sentence pursuant to 18 U.S.C. § 3582(c)(2). Rhodes now appeals his modified sentence, claiming the district court erred in concluding that it lacked the authority to impose a sentence below the amended guideline range. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

I

On October 21, 1997, a federal grand jury returned an eighteen-count indictment against Rhodes and eleven co-defendants, charging them with a host of drug-related crimes, including conspiracy to possess with intent to distribute more than 50 grams of a mixture and substance containing a detectable amount of cocaine base (crack) within 1000 feet of the real property of a school, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846 and 860(a). Rhodes pled guilty, without benefit of a plea agreement, to the conspiracy charge. A federal probation officer then prepared a presentence report (PSR) utilizing the 1997 Edition of the United States Sentencing Commission Guidelines Manual. Based upon Rhodes' participation in a conspiracy that involved the distribution of 476 grams of cocaine base, the PSR established a base offense level of 36. The PSR then imposed a 2-point enhancement for Rhodes having possessed a firearm during a drug transaction. The PSR also imposed a 2-point reduction for acceptance of responsibility, as well as a 1-point reduction for Rhodes having timely provided authorities complete information concerning his own involvement in the offense. Based upon these calculations, the PSR arrived at a total offense level of 35. That offense level, combined with Rhodes' criminal history category of III, resulted in a guideline imprisonment range

2

of 210 to 262 months. On March 30, 1999, the district court sentenced Rhodes to a term

of imprisonment of 210 months.[1]

On November 1, 2007, the United States Sentencing Commission promulgated

Amendment 706, which amended the Drug Quantity Table in U.S.S.G. § 2D1.1(c).

U.S.S.G. App. C, Amend. 706 (2007). Amendment 706 provided a 2-level reduction in

base offense levels for crack cocaine-related offenses. See id. On December 11, 2007,

the Sentencing Commission promulgated Amendments 712 and 713 which, together,

operated to make Amendment 706 retroactive.[2] Amendments 712 and 713 themselves

became effective as of March 3, 2008.

On March 3, 2008, Rhodes filed a pro se motion pursuant to 18 U.S.C. §

3582(c)(2) asking the district court to modify his sentence based on Amendment 706.

---

[1] At the sentencing hearing, the district court expressed a desire to depart below the guideline range "based on [Rhodes] taking the blame for" a co-defendant. ROA, Vol. I at 46. Accordingly, the district court stated it was going to "keep jurisdiction on this sentencing" and directed defense counsel "to find out" if that would be a valid basis for departure. Id. The district court docket sheet does not indicate that defense counsel submitted any additional information to the district court on this matter, and the district court entered judgment in the case two weeks later.

[2] "Specifically, Amendment 713 changed U.S.S.G. § 1B1.10 – the policy statement for amended Guidelines ranges, by explicitly listing Amendment 706 as one of the amendments deemed retroactive." United States v. Herrera, No. 08-6046, 2008 WL 4060168, at *3 (10th Cir. Sept. 3, 2008) (citing U.S.S.G. § 1B1.10(c), Amend. 713 (March 3, 2008 Supp.)). "With regard to Amendment 712, it included, in part, certain exclusions to the reduction of sentences by amendment, by providing, in part: 'A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.'" Id. (quoting U.S.S.G. § 1B1.10(a)(2)(B), Amend. 712 (March 3, 2008 Supp.)).

3

ROA, Vol. I at 35. Rhodes' motion noted that, under the amended guidelines for crack cocaine-related offenses, his guideline range would be 168 to 210 months. Accordingly, through his motion, Rhodes asked the district court "to sentence him at the bottom of the guideline range for a sentence of 168 months as his current sentence is imposed at the bottom of the Guideline [sic]." Id. at 36. The district court appointed counsel to represent Rhodes and directed the government to file a response to his motion.

On March 18, 2008, the government filed its response to Rhodes' motion. The government acknowledged that the district court had authority to "consider whether to reduce the Defendant's sentence," id. at 79, and stated it "ha[d] no objection to a sentence within th[e] revised guideline range of 168 to 210 months." Id. at 80. The government did, "however, object to any sentence less than 168 months." Id. at 86. In doing so, the government argued that "§ 3582(c)(2) and U.S.S.G. § 1B1.10 [we]re narrow provisions which permit[ted] a limited reduction of sentence," but which "prohibit[ed] a reduction below the floor set by the Sentencing Commission." Id. at 84. Further, the government argued that "[n]othing in *United States v. Booker*, 543 U.S. 220 (2005) expand[ed] the scope of sentencing reductions under § 3582(c)(2)." Id. at 85 n.4.

Rhodes, through appointed counsel, filed a reply brief that slightly altered the relief requested in his original motion. In particular, the reply brief "request[ed] that th[e] Court impose a sentence no greater than 168 months, and that the Court consider its remarks made at . . . Rhodes' sentencing, and . . . Rhodes' extraordinary post-sentencing rehabilitation, and impose a sentence, pursuant to the factors set forth in 18 U.S.C. §

4

3553(a), of 151 months, which is the low end of level 32, CHC [Criminal History Category] III." Id. at 87. The reply brief also countered the government's argument that the district court was limited to imposing a sentence within the amended guideline range, arguing that, in light of Booker, "the guidelines [we]re advisory, and there [wa]s no limit on a court's ability to reduce sentences below the advisory guideline range." Id. at 91.

On April 29, 2008, the district court conducted a hearing on Rhodes' motion. At the outset, Rhodes' appointed counsel argued in favor of the requested 151-month sentence, emphasizing the host of post-sentencing rehabilitative and educational activities in which Rhodes had participated. The following exchange then occurred between the district court, the government, and defense counsel:

> THE COURT: What does the government say?
>
> [GOVERNMENT]: Your Honor, I don't take issue with anything based on my review of the file, preparing for this hearing, about how the defendant is to be commended for how he has spent the time that he has been incarcerated. However, it's our position that the floor is 168, that this Court's discretion stops there. So we would object to any sentence below that.
>
> THE COURT: I agree with that. I mean, what he has done, still I'm sentencing him originally, and all of the things you're telling me are things that he has done since he was sentenced. So what I think, as I read and understand the law, is that I go back to what I would have given him, had this been in effect then. And all the things you've said don't come into play.
>
> [DEFENSE COUNSEL]: My response to that, Your Honor, is that at the time you sentenced him, the guidelines were mandatory and Your Honor had to sentence him to 210 months. Your Honor at that time wanted to sentence him below that, felt that he deserved something.
>     And I think that there was case law allowing Your Honor to do that at

5

that time, even under the mandatory system, for extraordinary acceptance of responsibility. And also, had he come back to you on resentencing at that time, there was case law, like after an appeal, there was case law allowing for a departure based on extraordinary rehabilitation after sentencing, post-conviction rehabilitation.

Now we're in a non-guideline; we're at a time where the guidelines are not mandatory. They were found, if they were mandatory, it's unconstitutional. And that applies right now.

It would be ironic if we were saying that the guidelines are not mandatory for everybody except for him, now that he's back here in front of you.

And I do think that even at the time of sentencing, Your Honor had discretion to go below, and maybe was not presented with the correct law. Or I just don't see anything in the record where Your Honor was advised either way. But at this time, you certainly do have that discretion, and I would request – my point is that he has gone far beyond what anybody else had.

If he had just gone and gotten his GED and taken a few courses, maybe the bottom of the guideline would be appropriate. But that is much greater than necessary at this point to fulfill the goals of sentencing.

Id. at 117-119. At that point, the district court, without directly addressing defense counsel's arguments, proceeded to resentence Rhodes to the bottom of the revised guideline range:

THE COURT: All right. This matter comes before the Court for sentencing pursuant to a motion by the defendant in accordance with 18 United States Code 3582(c)(2).

The Court has determined the defendant is eligible for reduction of his term of imprisonment based upon the guideline sentencing range that has subsequently been lowered and made retroactive pursuant to 28 United States Code 994(u).

The Court has reviewed the presentence report factual findings and has considered the sentencing guideline applications and the factors set forth in 18 United States Code 3553(a)(1) through (7).

The original offense level was 35, and the original criminal history category was III, resulting in a guideline imprisonment range of 210 to 262 months. The amended offense level is 33, and the criminal history category remains III, resulting in an amended guideline sentencing range of 168 to

6

210 months.  The Court notes the defendant conspired with others to possess and distribute 194.8 grams of cocaine base.

    As to Count I of the indictment, Criminal 97-638, the defendant, Theomas Rhodes, is committed to the custody of the Bureau of Prisons for a term of 168 months.

Id. at 119-120.

## II

On appeal, Rhodes contends the district court erred in concluding that, in modifying his sentence pursuant to § 3582(c)(2), "it lacked the authority to impose a sentence . . . less than the minimum of the amended guideline range . . . ."  Aplt. Br. at 10. The scope of a district court's authority in a resentencing proceeding under § 3582(c)(2) is a question of law that we review de novo.  See United States v. Moore, 541 F.3d 1323, 1326 (11th Cir. 2008) ("In a § 3582(c)(2) proceeding, we review de novo the district court's legal conclusions regarding the scope of its authority under the Sentencing Guidelines.") (internal quotation marks omitted).

As noted, Rhodes' motion to reduce his sentence was filed pursuant to 18 U.S.C. § 3582(c)(2).  That statutory subsection, entitled "Modification of an imposed term of imprisonment," provides:

The court may not modify a term of imprisonment once it has been imposed except that–

\* \* \*

in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on

7

its own motion, *the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.*

18 U.S.C. § 3582(c)(2) (emphasis added).[3]  Rhodes argued, and the government and district court agreed, that he fell within the scope of the exception set forth in § 3582(c)(2) because his original term of imprisonment was based on a sentencing range that was subsequently lowered by the Sentencing Commission pursuant to Amendments 706, 712 and 713.

Although the parties and district court agreed that § 3582(c)(2) afforded the district court authority to modify Rhodes' term of imprisonment, the parties and district court disagreed as to the extent of that authority.  In particular, the government and district court concluded, over Rhodes' objection, that the district court's authority was circumscribed by § 1B1.10 of the Sentencing Guidelines.  Section 1B1.10, entitled "Reduction in Term of Imprisonment as a Result of Amended Guideline Range (Policy Statement)," provides as follows:

(a) Authority.--

> (1) In General.–In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may

---

[3] Section § 994(o) of Title 28 provides, in pertinent part, that "[t]he [Sentencing] Commission periodically shall review and revise, in consideration of comments and data coming to its attention, the guidelines promulgated pursuant to the provisions of this section."  It was pursuant to this statutory directive that the Commission promulgated Amendments 706, 712 and 713.

reduce the defendant's term of imprisonment as provided by 18 U.S.C. 3582(c)(2). *As required by 18 U.S.C. 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.*

(2) Exclusions.–*A reduction in the defendant's term of imprisonment is not consistent with the policy statement and therefore is not authorized under 18 U.S.C. 3582(c)(2) if–*

> *(A) None of the amendments listed in subsection (c) is applicable to the defendant; or*
> *(B) An amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.*

(3) Limitation.–Consistent with subsection (b), proceedings under 18 U.S.C. 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant.

(b) Determination of Reduction in Term of Imprisonment.--

(1) In General.–In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.

(2) Limitations and Prohibition on Extent of Reduction.--

> (A) In General.–*Except as provided in subdivision (B), the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection.*
>
> (B) Exception.–*If the original term of imprisonment imposed*

9

*was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing, a reduction comparably less than the amended guideline range determined under subdivision (1) of this subsection may be appropriate. However, if the original term of imprisonment constituted a non-guideline sentence determined pursuant to 18 U.S.C. 3553(a) and United States v. Booker, 543 U.S. 220 (2005), a further reduction generally would not be appropriate.*

(c) Covered Amendments.–Amendments covered by this policy statement are listed in Appendix C as follows: . . . 706 . . . .

U.S.S.G. § 1B1.10 (emphasis added).

Rhodes argues on appeal that "[t]he district court should not have followed § 1B1.10 because it is contrary to law, especially United States v. Booker, 543 U.S. 220 (2005)." Aplt. Br. at 10. More specifically, Rhodes argues that, "because a hearing pursuant to § 3582(c)(2) is a new sentencing hearing, Booker is applicable and the guidelines – including § 1B1.10 – must be considered advisory." Id. For the reasons outlined below, however, we reject Rhodes' arguments.

Booker addressed the applicability of the Sixth Amendment to original sentencing proceedings in federal district court involving the application of the United States Sentencing Guidelines. In doing so, the Supreme Court began by noting that, pursuant to 18 U.S.C. § 3553(b)(1)[4] the Sentencing Guidelines were "mandatory and binding on all

_____

[4] Section 3553(b)(1) provided, in pertinent part: "Except as provided in paragraph (2), the court shall impose a sentence of the kind, and within the range, referred to in subsection (a)(4) unless the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described."

10

judges" in original sentencing proceedings. 543 U.S. at 233. The Court ultimately concluded that the application of this mandatory sentencing scheme was violative of the Sixth Amendment because it allowed a sentencing judge to enhance a defendant's sentence based on the judge's determination of a fact, other than the existence of a prior conviction, that was not found by the jury or admitted by the defendant. To remedy this situation, the Court "severed and excised" § 3553(b)(1) (as well as one other statutory section not relevant to this appeal) in order to render "the Guidelines effectively advisory." Id. at 245. As a result, when federal district courts now conduct original sentencing proceedings, they are no longer bound by the sentencing range prescribed by the sentencing guidelines.

Rhodes attempts to bring his appeal within the ambit of Booker by arguing that, when a district court modifies a sentence pursuant to § 3582(c)(2), it is conducting a "new sentencing hearing." Aplt. Br. at 10. But, contrary to Rhodes' arguments, there are clear and significant differences between original sentencing proceedings and sentence modification proceedings. First, and most significantly for purposes of this case, the two types of proceedings are governed by different statutes: original proceedings are governed by 18 U.S.C. § 3553 (the statute that was partially excised in Booker), while sentence modification proceedings are governed by 18 U.S.C. § 3582(c)(2). In turn, there are important substantive differences in the two types of proceedings. Unlike original sentencing proceedings, in which a district court must make a host of guideline application decisions in arriving at a defendant's applicable guideline range and then

11

ultimately impose a sentence after reviewing the § 3553(a) factors, proceedings to modify a term of imprisonment previously imposed are much more limited in character. Section 3582(c)(2) authorizes a district court to "reduce the term of imprisonment" only "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The "applicable policy statements issued by the Sentencing Commission" are set forth in § 1B1.10 and provide, in pertinent part, that "proceedings under 18 U.S.C. 3582(c)(2) . . . do not constitute a full resentencing of the defendant," U.S.S.G. § 1B1.10(a)(3), and that a district court, in determining whether, and to what extent, a reduction in sentence is warranted, "shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." Id. § 1B1.10(b)(1). Thus, modification proceedings under § 3582(c)(2) are much more narrow in scope than original sentencing proceedings. See United States v. Torres, 99 F.3d 360, 362 (10th Cir. 1996) (characterizing "relief pursuant to § 3582(c)(2)" as "a different animal" than a complete resentencing).

As we have noted, the remedial portion of Booker resolved the Sixth Amendment issue by excising § 3553(b)(1), which mandated that district courts, in conducting original sentencing proceedings, impose within-Guidelines sentences. Importantly, however, Booker made no alteration to § 3582(c)(2), which, as noted, provides the statutory basis for sentence modification proceedings. Indeed, that statutory section was not mentioned in Booker, which is not surprising, since the opinion involved direct appeals from two

12

original sentencing proceedings. Moreover, the Sixth Amendment concerns that gave rise to the Booker decision will not be replicated in sentence modification proceedings. Given the narrow scope of sentence modification proceedings, there is no concern that a district court in such a proceeding will make factual findings that in turn will raise a defendant's sentence beyond the level justified by "the facts established by a plea of guilty or a jury verdict . . . ." Booker, 543 U.S. at 244. Indeed, a district court in a sentence modification proceeding is authorized only to "reduce the [originally imposed] term of imprisonment," 18 U.S.C. § 3582(c)(2), not to increase it. As a result, we conclude that Booker simply has no bearing on sentencing modification proceedings conducted under § 3582(c)(2).

To be sure, the Ninth Circuit, in a decision on which Rhodes now relies, held that "*Booker's* requirement that the district courts treat the United States Sentencing guidelines as advisory applies to the resentencing of defendants pursuant to . . . § 3582(c)." United States v. Hicks, 472 F.3d 1167, 1168 (9th Cir. 2007). As a result, the Ninth Circuit concluded, "district courts are necessarily endowed with the discretion to depart from the Guidelines when issuing new sentences under § 3582(c)(2)."[5] Id. at 1170. The problem with the Hicks decision, in our view, is that it failed to consider that, as outlined above, sentence modification proceedings have a different statutory basis than

_____

[5] At the time the sentencing modification proceeding occurred in Hicks, § 1B1.10 did not expressly prohibit a district court from imposing a modified sentence below the amended guideline range. We need not determine the scope of a district court's discretion under that earlier version of § 1B1.10, however, because the sentencing modification proceeding in the instant case occurred after the Sentencing Commission amended § 1B1.10 to include such an express prohibition.

13

original sentencing proceedings. As a result, the Ninth Circuit erroneously concluded that the remedial portion of the Booker decision, which rendered the guidelines effectively advisory for purposes of original sentencing proceedings, applied to § 3582(c)(2) proceedings as well.

Having rejected Rhodes' argument that Booker applies to sentence modification proceedings under § 3582(c)(2), the question remains whether the district court was correct in concluding that it lacked authority to impose a modified sentence that fell below the amended guideline range. As we shall outline below, the answer to that question hinges exclusively on the language of § 3582(c)(2) and § 1B1.10. Section 3582(c)(2), on its face, does not directly address the scope of a district court's authority in modifying a sentence previously imposed. Instead, it authorizes a district court to reduce a previously imposed sentence only to the extent "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

The Sentencing Commission's policy statements regarding modifications of previously imposed sentences are set forth in § 1B1.10. Under the current version of that guideline, the Sentencing Commission has clearly indicated that a sentencing court shall not, in modifying a previously imposed sentence on the basis of an amended guideline, impose a sentence below the amended guideline range. Because this policy statement is binding on district courts pursuant to § 3582(c)(2), the district court when sentencing Rhodes correctly concluded that it lacked the authority to impose a modified sentence that fell below the amended guideline range. Stated differently, the district court properly

14

concluded that the lowest modified sentence it could impose on Rhodes was 168 months, the bottom of his amended guideline range.

In passing, we note that the district court erred in suggesting, at the time it modified Rhodes' sentence, that it could not consider events that took place after Rhodes was originally sentenced. The Application Notes to § 1B1.10 expressly state that "[t]he court may consider post-sentencing conduct of the defendant that occurred after imposition of the original term of imprisonment in determining: (I) whether a reduction in the defendant's term of imprisonment is warranted; and (II) the extent of such reduction, but only within the limits described in subsection (b)." U.S.S.G. § 1B1.10, comment. (n. 1(B)(iii)) (2008). The district court's error in this regard, however, was harmless because the modified sentence actually imposed by the district court was at the bottom of the amended guideline range. In other words, even if the district court had properly considered Rhodes' laudable post-sentencing conduct, it could not have imposed a lower modified sentence.

AFFIRMED. Rhodes' motion to expedite the appeal is DENIED as moot.