McKAY, Circuit Judge,
dissenting.
I regret that I cannot altogether agree with the majority’s views in this case. While I disagree with United States v. Rhodes, 549 F.3d 833, for creating a circuit split by rejecting United States v. Hicks, 472 F.3d 1167, 1172-73 (9th Cir.2007), for now, to the extent that Rhodes applies to this case, we are bound by it. However, as the majority concedes, this “does not end matters.” (Majority Op. at 1220.) This defendant was resentenced under a prior version of the Sentencing Guidelines. The court in Rhodes relied in part on the amendment to U.S.S.G. § lB1.10(b)(2), which added a statement that a district court shall not reduce a defendant’s term of imprisonment below the amended guideline range unless the defendant received a below-guidelines sentence at the original sentencing proceeding. When this defendant was resentenced, however, neither the statute nor the applicable guideline spoke directly to the issue of the trial court’s discretion to vary below the amended guidelines range. Given this silence, and in light of the fact that our learned colleagues on the Ninth Circuit read the statutory scheme to allow the exercise of such discretion, it cannot be argued that the statute and implementing guidelines applicable at the time this defendant was sentenced unambiguously barred the district court from varying below the guidelines in the resentencing proceeding. I would thus apply the rule of lenity to this statutory scheme. See United States v. Mojica, 214 F.3d 1169, 1174 (10th Cir. *1223 2000). That is particularly true in light of the intervening change, which I would infer was meant to modify and not just recharacterize the scheme as it applied when this defendant was resentenced.
My view is reinforced by what has happened since United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). The appellate courts have increasingly been mandated to rely on trial court discretion in sentencing unless clearly prohibited. In that spirit, and applying the rule of lenity to cases arising before the amendment to the guidelines, I would remand and hold that at resentencing the trial court has the discretion to vary downward to the sentence it would have given if it did not feel constrained to treat the bottom of the amended guidelines range as a mandatory floor.