**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 19, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

SHAWN TYWAN SOLOMON,

Defendant–Appellant.

No. 08-5109

(D.C. No. 03-CR-00078-TCK-1)

(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **O'BRIEN**, **McKAY**, and **GORSUCH**, Circuit Judges.

Defendant filed a motion in the district court for a reduction of sentence pursuant to 18 U.S.C. § 3582(c) based on the retroactive crack guideline amendment. The court granted this motion and reduced Defendant's sentence to the bottom of the revised guideline range. However, the court declined Defendant's request to vary below the revised guideline range. Defendant appeals the denial of his variance request.

After briefing was completed in this case, a panel of this court decided

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

After examining the briefs and the appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f).

*United States v. Rhodes*, 549 F.3d 833 (10th Cir. 2008). *Rhodes* held that a district court does not have the authority in a § 3582(c)(2) resentencing proceeding to impose a sentence below the amended guideline range. *Id.* at 841. That decision is dispositive of this appeal. We therefore **AFFIRM** the sentence imposed by the district court.

Entered for the Court


Monroe G. McKay
Circuit Judge