**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 2, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

MOSTAFA MOHD KHONDAKER,

    Defendant-Appellant.

No. 08-5141

(D.C. No. 05-CR-00134-CVE-1)
(N. D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **KELLY, ANDERSON,** and **BRISCOE**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is,
therefore, submitted without oral argument.

Defendant Mostafa Mohd Khondaker was originally sentenced in 2006 for
various drug and firearm offenses, including the possession of crack cocaine.

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

Following the Sentencing Commission's 2007 amendment of the crack cocaine-related Sentencing Guidelines, Khondaker sought and was granted a modification of his sentence pursuant to 18 U.S.C. § 3582(c)(2). His request for a downward variance was denied. Khondaker now appeals his modified sentence, arguing that his modified sentence is procedurally unreasonable because the district court erred when explaining the law applicable to his request for a variance. Khondaker specifically relies upon Kimbrough v. United States, 128 S. Ct. 558 (2007), in challenging the district court's ruling. We affirm.

I

On November 23, 2005, a jury found Khondaker guilty of four counts of possession with intent to distribute various controlled substances, including crack cocaine, in violation of 21 U.S.C. § 841(a)(1), and one count of possession of firearms in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1). The Presentence Investigation Report ("PSR") determined Khondaker's offense level was 30. His Criminal History Category was I. The guideline range for the drug charges was 97 to 121 months' imprisonment, plus a consecutive mandatory statutory minimum sentence of 5 years' imprisonment for the firearm charge. On August 9, 2006, the district court sentenced him to 97 months' imprisonment for the drug charges and 60 months' imprisonment for the firearm charge, for a total of 157 months' imprisonment. Khondaker appealed his conviction and sentence, and we affirmed. See United States v. Khondaker, 263

2

Fed. App'x 693 (10th Cir. 2008) (unpublished).

After Khondaker was sentenced, the United States Sentencing Commission amended the drug quantity table in U.S.S.G. § 2D1.1(c) to reduce the sentencing disparity between crack cocaine and powder cocaine. U.S.S.G. App. C, Amend. 706 (2007). The effect of the amendment was to reduce the base offense levels for crack cocaine-related offenses by two levels. The amendment was made retroactive on March 3, 2008. See United States v. Rhodes, 549 F.3d 833, 835 (10th Cir. 2008).

Khondaker petitioned the court for a sentence reduction to take advantage of the amendment's retroactive effect, as permitted by 18 U.S.C. § 3582(c)(2), and he also requested a downward variance. Under the amended guidelines, Khondaker's sentencing range was 78 to 97 months' imprisonment for the drug-related charges. The consecutive statutory mandatory minimum sentence of 5 years' imprisonment for the firearm offense was unchanged, so the new guideline range for all offenses was 138 to 157 months' imprisonment. The court modified Khondaker's original sentence to 138 months' imprisonment, but denied Khondaker's request for a downward variance. In denying the request for a variance, the court cited Khondaker's reliance on Kimbrough and stated:

> [T]he only fact presented by defendant in support of a variance is the incongruous treatment of crack cocaine offenses in the sentencing guidelines and underlying statutory scheme. This broad, categorical argument is not convincing because sentencing decisions must be

3

grounded in case-specific considerations, not a general disagreement with broad-based policies pronounced by Congress and the Sentencing Commission. A sentencing court cannot completely ignore the ratio differences between cocaine powder and crack cocaine because the advisory guideline range, which remains relevant under § 3553(a) analysis, and the statutory minimum and mandatory sentences reflect Congress' preferred ratio.

Order at 2-3. Khondaker contends that the district court procedurally erred in denying his motion for a downward variance because the court misstated the law by failing to follow Kimbrough.

II

"The scope of a district court's authority in a resentencing proceeding under § 3582(c)(2) is a question of law that we review de novo." Rhodes, 549 F.3d at 837. A district court has no authority to grant a variance from the amended crack cocaine guidelines at a § 3582(c)(2) sentence modification proceeding.[2]  See id. at 841 (holding that a sentencing court "lacked the authority to impose a modified sentence that fell below the amended guideline range").

Khondaker relies on Kimbrough, where the Supreme Court held that a

---

[2] Khondaker acknowledges that his argument is

> foreclosed by [Rhodes], which ruled that a district court could not apply a sentence lower than the minimum of the revised Guideline range. The judge panel assigned to this case is bound to follow Rhodes and cannot revisit the law established therein.

Aplt. Br. at 8.

4

sentencing judge at an original sentencing "may determine . . . that, in the particular case, a within-Guidelines sentence is 'greater than necessary' to serve the objectives of sentencing" under § 3553(a), based on the district court's disfavor of "the disparity between the Guidelines' treatment of crack and powder cocaine offenses." 128 S. Ct. at 564. He argues that the district court's misstatement of the law after Kimbrough renders his modified sentence procedurally unreasonable. However, we need not proceed with an in-depth critique of the district court's analysis of Kimbrough. By addressing Kimbrough at all, the district court afforded Khondaker more than he was entitled. See U.S.S.G. § 1B1.10(a)(3) (providing that "proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant"). Since the court had no authority to grant Khondaker's request for a variance below the amended guideline range, any error the district court may have made when explaining its decision to deny the request for a variance is harmless.

Khondaker also argues that the district court retains discretion to vary below the amended guideline range at sentence modification proceedings because of the Supreme Court's decision in United States v. Booker, 532 U.S. 220 (2005), which made the sentencing guidelines advisory. He relies on the rationale set forth in United States v. Hicks, 472 F.3d 1167, 1170-71 (9th Cir. 2007). However, we specifically rejected this reasoning in Rhodes. See 549 F.3d at 840 ("Booker simply has no bearing on sentencing modification proceedings

5

conducted under § 3582(c)(2).").  A district court's discretion when modifying a

sentence pursuant to § 3582(c)(2) is limited to the amended guidelines range.

AFFIRMED.

Entered for the Court,


Mary Beck Briscoe
Circuit Judge

6