**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 17, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

DONALD LEE HAYES, JR.,

      Defendant-Appellant.

No. 08-5112
(N.D. Okla.)
(D.C. No. 98-CR-174-001-TCK)

---

**ORDER AND JUDGMENT**[*]

---

Before **HENRY**, Chief Judge, and **SEYMOUR** and **EBEL**, Circuit Judges.[**]

---

In February 2000, Donald Lee Hayes pleaded guilty to conspiring to possess cocaine with the intent to distribute it, a violation of 21 U.S.C. § 846. The district court sentenced him to 175 months' imprisonment, a term within the advisory Guidelines range. Subsequently, in February 2008, Mr. Hayes filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2), which

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, the panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument

authorizes such motions "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."

In support of his motion, Mr. Hayes invoked Amendment 706, which reduces the base offense level for crimes involving quantities of crack cocaine. He argued for a two-level reduction and also contended that the district court should grant him downward variance from the amended guideline range to correct the remaining unwarranted disparity between sentences for crack and powder cocaine offenses under the Guidelines.

The district court granted Mr. Hayes's motion in part, imposing a two-level reduction in the offense level and reducing his sentence to 135 months, the low end of the amended Guidelines range. However, the court rejected Mr. Hayes's argument for a sentence below that range.

In this appeal, Mr. Hayes challenges the latter decision. We are not persuaded: his argument is foreclosed by *United States v. Rhodes*, 549 F.3d 833, 841 (10th Cir. 2008), issued during the pendency of this appeal. There, we held that "the Sentencing Commission has clearly indicated that a sentencing court shall not, in modifying a previously imposed sentence on the basis of an amended guideline, impose a sentence below the amended guideline range." This policy statement is binding on the district court, and as a result, the court lacks authority

under § 3582(c)(2) to impose a modified sentence that falls below the amended guideline range. *Id.*[1]

Mr. Hayes received a sentence at the low end of the amended guidelines range. The district court lacked authority to further reduce his sentence. We therefore AFFIRM the district court's decision.

Entered for the Court,

Robert H. Henry
Chief Judge

---

[1] Although the holding in *Rhodes* was drafted in broad terms, we note that the *Rhodes* court only held that § 1B1.10(b)(2)(A) prevents a sentencing court from reducing a sentence below the amended guideline range when the original sentence was within the original sentencing guideline range. The sentencing court, however, is vested with discretion to modify a sentence below the amended guideline range when the original sentence was below the amended guideline range. *See* U.S.S.G. § 1B1.10(b)(2)(B).