**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 22, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MAURICE MONTELL ROBINSON,

Defendant - Appellant.

No. 08-3306
(D. Ct. No. 2:04-CR-20081-JWL-1)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant-appellant Maurice Montell Robinson appeals the district court's denial of his motion to reduce his sentence under 18 U.S.C. § 3582(c)(2). We have jurisdiction under 28 U.S.C. § 1291, and we AFFIRM.

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

# I. BACKGROUND

On October 1, 2004, Mr. Robinson pleaded guilty to three separate counts of distribution of crack cocaine. He also signed a plea agreement stating "[t]he defendant agrees that if his sentencing guideline range includes 240 months, then he will not request a sentence below 240 months in return for the United States agreement to not seek an enhanced penalty under 21 U.S.C. § 851."

The presentence report ("PSR") calculated his total adjusted offense level under United States Sentencing Guidelines ("U.S.S.G.") § 2D1.1 as 32.[1] Combining an offense level of 32 with Mr. Robinson's criminal history category VI yielded a Guidelines range of 210–262 months. Because Mr. Robinson had three prior convictions for crimes of violence, he was also considered a "career offender" under U.S.S.G. § 4B1.1(a). His offense level under § 4B1.1(a) was also 32,[2] resulting in the same sentencing range of 210–262 months. Section 4B1.1(b) states that "if the offense level for a career offender . . . is greater than the offense level otherwise applicable, the [career offender] offense level . . . shall apply." Because Mr. Robinson's offense level was 32 under both § 2D1.1 and § 4B1.1, the district court used his § 2D1.1 offense level for purposes of sentencing. On

---

[1]Specifically, the PSR attributed 54.22 grams of crack cocaine to Mr. Robinson. Under U.S.S.G. § 2D1.1(c)(4), this amount qualified him for a base offense level of 32. Because Mr. Robinson's drug trafficking involved a "protected location" under U.S.S.G. § 2D1.2(a)(1), two levels were added. Then two levels were deducted for acceptance of responsibility under § 3E1.1(a). Thus, the total adjusted offense level was 32.

[2]Under U.S.S.G. § 4B1.1, the base offense level for Mr. Robinson as a career offender was 34. Because of his acceptance of responsibility under § 3E1.1(a), two levels were deducted, giving an adjusted offense level of 32.

December 21, 2004, the court sentenced him to 240 months' imprisonment, in accordance with his plea agreement.

On November 1, 2007, the United States Sentencing Commission promulgated Amendment 706, which provides for a two-level reduction in the base offense level under U.S.S.G. § 2D1.1(c) for crack cocaine offenses. *United States v. Rhodes*, 549 F.3d 833, 835 (10th Cir. 2008). On March 3, 2008, the amendment became retroactive. *Id.* Mr. Robinson filed this motion to reduce his sentence under 18 U.S.C. § 3582(c)(2) in July 2008, and the district court denied the motion in October. Mr. Robinson timely appeals.

## II. DISCUSSION

Under 18 U.S.C. § 3582(c)(2), a district court may reduce a previously imposed sentence if (1) it was based on a sentencing range that has since been lowered by the United States Sentencing Commission, and (2) the reduction "is consistent with applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(2)." The policy statement relevant to this case provides that a reduction "is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if" an amendment to the Guidelines "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B).

The district court correctly concluded that Amendment 706 does not lower Mr. Robinson's Guidelines range. Although the amendment reduces his offense level under U.S.S.G. § 2D1.1 from 32 to 30, that reduction triggers application of the career offender provision of the Guidelines, which produces an offense level of 32. *See* U.S.S.G.

- 3 -

§ 4B1.1(b) ("[I]f the offense level for a career offender . . . is greater than the offense level otherwise applicable, the [career offender] offense level . . . shall apply.").  Thus, Mr. Robinson's guidelines range remains at 210–262 months, and Amendment 706 does not lower his Guidelines range, as required by § 1B1.10(a)(2).

Mr. Robinson contends that applying § 1B1.10(a)(2) mandatorily violates the Sixth Amendment, presumably under *Booker v. United States*, 543 U.S. 220 (2005).  He concedes that our precedent forecloses this argument, *see Rhodes*, 549 F.3d at 840–41, but wishes to preserve the issue for further review.  We acknowledge that he has raised the argument here.

Mr. Robinson also contends that the rule announced in *Rhodes* "violates the separation of powers by investing an Article III agency with the power to control the jurisdiction of the federal courts."  Again, we are bound by that decision.  *See In re Smith*, 10 F.3d 723, 724 (10th Cir. 1993) ("We are bound by the precedent of prior panels absent en banc reconsideration or a superseding contrary decision by the Supreme Court.").  We further note that Mr. Robinson did not argue this point below and has not indicated how he satisfies plain-error review.  *See United States v. Torres-Duenas*, 461 F.3d 1178, 1180 (10th Cir. 2006) (setting forth plain error standard of review).

## III.  CONCLUSION

The denial of Mr. Robinson's motion for a reduction in his sentence under 18 U.S.C. § 3582(c)(2) is AFFIRMED.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge