**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 4, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

EVERETT LLOYD OWENS, JR.,

Defendant - Appellant.

No. 08-6239

(W.D. Oklahoma)

(D.C. No. 5:06-CR-00248-L-7)

---

**ORDER AND JUDGMENT**[*]

---

Before **MURPHY**, **ANDERSON**, and **TYMKOVICH**, Circuit Judges.

---

**I.  Introduction**

Defendant-Appellant Everett Lloyd Owens appeals the district court's

denial of his motion under 18 U.S.C. § 3582(c)(2) to reduce his sentence.  Owens

is currently serving a sentence for Possession of Cocaine Base ("crack") With

Intent to Distribute.  After the Sentencing Commission promulgated Amendment

706 to reduce the sentencing disparity between crack and powder cocaine offenses

and made the amendment retroactive, Owens moved the district court for a

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

reduced sentence. His motion was denied because the reduction in his base offense level under the amended Sentencing Guidelines was offset by his loss of a 2-level reduction for being a minor participant. He appeals, arguing the loss of the minor participant reduction was an unintended consequence of Amendment 706 and a sentence reduction would be consistent with the Sentencing Commission's intent to reduce the sentencing disparity between crack and powder cocaine offenses. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, this court rejects Owens's appeal because the sentence reduction he seeks is inconsistent with the Sentencing Commission's applicable policy statement, U.S.S.G. § 1B1.10, and the district courts do not have authority to reduce sentences except in accordance with the policy statement.

## II. Background

Owens was charged with being a member of a drug distribution conspiracy consisting of at least twenty-seven individuals. He pleaded guilty to Possession of Cocaine Base With Intent to Distribute in violation of 21 U.S.C. § 841(a)(1). The district court calculated Owens's advisory Guidelines range by attributing 50.8 grams of crack to him, resulting in a base offense level of 32 under the pre-Amendment Drug Quantity Table at U.S.S.G. § 2D1.1(c)(4). Owens was deemed a minor participant in the conspiracy, which entitled him to a 2-level reduction pursuant to § 3B1.2(b) and an additional 2-level reduction pursuant to § 2D1.1(a)(3)(i). His offense level was further reduced by 2 levels by the

-2-

application of the "safety valve," § 2D1.1(b)(9). Finally, Owens received a 3-level reduction for acceptance of responsibility under § 3E1.1(a)-(b). His final adjusted offense level was 23. He was found eligible to avoid the statutory five year mandatory minimum sentence, and with a criminal history category of I, his Guidelines range was 46-57 months' imprisonment. The district court sentenced Owens to 46 months' imprisonment.

After Owens was sentenced, the Sentencing Commission amended the drug quantity table at § 2D1.1 to reduce the sentencing disparity between crack and powder cocaine offenses. The Sentencing Commission made Amendment 706 retroactive, enabling individuals sentenced under the earlier drug quantity table to move for sentence reductions pursuant to 18 U.S.C. § 3582(c)(2).

Owens moved the district court pursuant to 18 U.S.C. § 3582(c)(2) for a sentence reduction in light of Amendment 706. The district court recalculated Owens's Guidelines range under the amended drug quantity table. Under the amended drug quantity table, Owens's new base offense level was reduced two levels to 30. With this offense level, he was no longer eligible for the 2-level § 2D1.1(a)(3)(i) enhanced reduction for being a minor participant in the crime, which is only available to offenders with base offense levels of 32 or above. Because Owens's 2-level reduction to his base offense level rendered him ineligible for the 2-level minor participant reduction, there was no net overall reduction in Owens's offense level under Amendment 706. His sentence,

moreover, was already at the bottom of the Guidelines range of 46-57 months' imprisonment. Because of this, the district court denied his motion for a reduced sentence. Owens appeals.

## III. Discussion

This case presents one issue: whether the district court erred in refusing to reduce Owens's sentence pursuant to Amendment 706. Owens acknowledges that under a straightforward application of Amendment 706, his offense level is unchanged. He argues, however, that such an interpretation of the amendment constitutes a misapplication of the Guidelines warranting reversal.

A district court's decision to deny a motion to reduce a sentence is reviewed for abuse of discretion. *United States v. Sharkey*, 543 F.3d 1236, 1238 (10th Cir. 2008). Whether the district court correctly interpreted the Guidelines, however, is a question of law and is reviewed de novo. *Id.*

Through 18 U.S.C. § 3582(c), Congress has limited the instances in which a court may reduce a term of imprisonment. The only relevant instance here is found at 18 U.S.C. § 3582(c)(2), which allows a district court to reduce a defendant's sentence in the event the defendant has been "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The

statute thus sets out three requirements which must be met for a district court to reduce a sentence: (1) the defendant must be sentenced based on a sentencing range subsequently lowered by the Sentencing Commission, (2) the district court must consider the § 3553(a) factors to the extent they are applicable, and (3) the reduction must be consistent with the Sentencing Commission's applicable policy statements.

The Sentencing Commission's applicable policy statement is at U.S.S.G. § 1B1.10. The policy statement provides that a court must calculate the defendant's Guidelines range under the Guidelines as amended. *Id.* § 1B1.10(b)(1). Unless the defendant originally received a below-Guidelines sentence, which did not happen here, the policy statement explains that "the court shall not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range." *Id.* § 1B1.10(b)(2)(A).

Under Amendment 706, Owens's Guidelines range is unchanged because the 2-level reduction in his offense level is offset by his inability to receive the § 2D1.1(a)(3)(i) minor participant reduction. His term of imprisonment is already the minimum of the applicable Guidelines range. Under a plain reading of the policy statement, therefore, the district court may not further reduce Owens's sentence.

Owens recognizes the result of a straightforward application of Amendment 706, but contends it is the result of an unanticipated anomaly. He asserts he is

unquestionably within the class of offenders the Sentencing Commission intended to help when it promulgated Amendment 706. He further argues it would be consistent with the intent of the Sentencing Commission to allow a reduction in his sentence notwithstanding the policy statement.

This argument, however, is foreclosed by Circuit precedent. This court has ruled that 18 U.S.C. § 3582(c)(2) gives the courts authority to reduce sentences only when doing so is consistent with the applicable policy statement. *United States v. Rhodes*, 549 F.3d 833, 841 (10th Cir. 2008). Owens's inability to obtain relief may well be the result of an unanticipated interaction between Amendment 706 and U.S.S.G. § 2D1.1(a)(3). Nonetheless, the district court correctly denied Owens's motion because it lacked authority to reduce his sentence. If Owens is to obtain relief, it must come from the Sentencing Commission or Congress.

Owens argues this reading of the statute gives the policy statement binding effect and turns the bottom of the Guidelines range into a mandatory minimum sentence in sentence reduction proceedings in violation of *United States v. Booker*, 543 U.S. 220 (2005). *Booker*, however, is inapplicable in sentence modification proceedings. *Rhodes*, 549 F.3d at 840. There is no constitutional problem, therefore, with the Guidelines setting a mandatory floor in proceedings under 18 U.S.C. § 3582(c).

**IV. Conclusion**

Because the district court lacked authority to reduce Owens's sentence below the minimum Guidelines sentence available under Amendment 706, it did not err in refusing to reduce Owens's sentence. The decision of the district court is therefore **affirmed**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge