**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 7, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

ROY JOE BEN THURSTON, II,

    Defendant-Appellant.

No. 09-6025

(D.C. No. 5:07-CR-00163-HE)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **ANDERSON,** and **BALDOCK**, Circuit Judges.[**]

Defendant Roy Joe Ben Thurston, II, pleaded guilty to possession of cocaine and crack cocaine with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1), and being a felon in possession of a firearm, in violation of 18 U.S.C § 922(g)(1). The district court sentenced Defendant to 84 months' imprisonment. Pursuant to 18 U.S.C. § 3582(c)(2), Defendant subsequently sought a reduction of his sentence based upon Amendment 715 to the United States Sentencing Guidelines. The district

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

court determined that Defendant's sentence fell within an exclusion to the benefits of Amendment 715, and denied Defendant's request. Defendant now appeals, arguing the district court erred in concluding that the aforementioned exclusion was binding on any potential sentence reduction. We have jurisdiction under 28 U.S.C. § 1291, and affirm.

I.

A brief history of Amendment 715 is in order before addressing Defendant's claim. In November 2007, in an attempt to alleviate some of the disparities between sentences involving crack cocaine and those involving powder cocaine, the United States Sentencing Commission implemented Amendment 706 to the Guidelines, providing a two-level reduction in the base offense level for crack cocaine offenses. See United States v. Rhodes, 549 F.3d 833, 835 (10th Cir. 2008); U.S.S.G. App. C, Amend. 706 (2007). But some defendants whose conduct included crack cocaine, as well as another controlled substance, failed to receive this reduction. To remedy the problem, the Sentencing Commission implemented Amendment 715 which allows for a two-level reduction in a defendant's base offense level if his conduct involved crack cocaine and another controlled substance. See U.S.S.G. App. C, Amend. 715 (2008).

II.

In September 2007, Defendant pleaded guilty to a three-count indictment. Specifically, Defendant accepted responsibility for (1) possession with intent to

distribute approximately 938.5 grams of cocaine, (2) possession with intent to distribute approximately 4.2 grams of cocaine base (crack cocaine), and (3) being a felon in possession of a firearm. Based upon his offense level and criminal history category, Defendant's recommended Guidelines sentence was 70-87 months. Accordingly, in February 2008, the district court sentenced Defendant to 84 months' incarceration. Three months later, the Sentencing Commission enacted Amendment 715. Naturally, Defendant filed a motion pursuant to § 3582(c)(2) seeking a reduced sentence.[1]

Amendment 715 outlines two specific exceptions wherein defendants are *not* entitled to receive a two-level reduction. The only exception relevant for our purposes is when "the 2-level reduction results in a combined offense level that is less than the combined offense level that would apply . . . if the offense involved only the other controlled substance(s) (*i.e.*, the controlled substance(s) other than [crack cocaine])." U.S.S.G. App. C, Amend. 715 (2008); see also U.S.S.G. § 2D1.1 cmt. n. 10(D)(ii)(II). The district court determined that if it applied the two-level reduction after combining the crack cocaine and the powder cocaine, Defendant's base offense level would have been 24.[2] If the district court, however, only

_____

[1] Defendant was sentenced after Amendment 706 went into effect, but before Amendment 715's enactment. Because Amendment 706 was considered in calculating Defendant's original sentence, only Amendment 715's effect on Defendant's sentence is at issue here.

[2] With the two-level reduction, Defendant's amended Guidelines range

(continued...)

3

considered the powder cocaine, Defendant's base offense level would have been 26.

Thus, because Defendant's base offense level with *both* the crack cocaine and

powder cocaine would have been *less* than the base offense level with *only* the

powder cocaine, the district court concluded that Defendant's sentence fell squarely

within the aforementioned exception to Amendment 715's two-level reduction.

Accordingly, the district court denied Defendant's § 3582(c)(2) motion.

III.

Defendant concedes that the district court correctly concluded his sentence

falls within the parameters of Amendment 715's exception to a two-level reduction.

He argues, however, that the district court erred under United States v. Booker, 543

U.S. 220 (2005), in viewing the exclusion to Amendment 715 as an absolute bar to

a reduction of his Guidelines sentencing range. Thus, Defendant essentially contends

the district court should have imposed a below-Guidelines sentence pursuant to his

§ 3582(c)(2) motion. We review de novo the scope of a district court's resentencing

authority under § 3582(c)(2). See Rhodes, 549 F.3d at 837. Because Defendant's

argument is foreclosed by our precedent, his appeal fails.

In United States v. Rhodes, we explicitly rejected the assertion that Booker

applies to sentencing modification procedures under § 3582(c)(2). 549 F.3d at 839-

41. Specifically, we recognized that "[a] resentencing proceeding is an entirely

---

[2](...continued)
would be 57-71 months' imprisonment.

different animal that does not implicate the Sixth Amendment concerns that drove the <u>Booker</u> remedy." <u>United States v. Pedraza</u>, 550 F.3d 1218, 1220 (10th Cir. 2008) (discussing <u>Rhodes</u>). Notably, "there is no concern that a district court in a [sentence modification] proceeding will make factual findings that in turn will raise a defendant's sentence beyond the level justified by 'the facts established by a plea of guilty or a jury verdict.'" <u>Rhodes</u>, 549 F.3d at 840 (quoting <u>Booker</u>, 543 U.S. at 244). We then further held that district courts lack the authority to impose a modified sentence that falls below what is permitted by a particular amendment. <u>Id.</u> at 841. Indeed, we noted that "the Sentencing Commission has clearly indicated that a sentencing court shall not, in modifying a previously imposed sentence on the basis of an amended guideline, impose a sentence below the amended guideline range." <u>Id.</u>; <u>see also</u> <u>Pedraza</u>, 550 F.3d at 1220 (noting that <u>Rhodes</u> established district courts do *not* have discretion to impose a below-Guidelines sentence at resentencing, even after <u>Booker</u>).

As discussed, Defendant does *not* qualify for a lowered Guidelines range under Amendment 715. <u>See</u> <u>U.S.S.G.</u> App. C, Amend. 715 (2008) (noting the 2-level reduction does not apply if it "results in a combined offense level that is less than the combined offense level that would apply . . . if the offense involved only the other controlled substance(s) (*i.e.*, the controlled substance(s) other than [crack cocaine])"). Because <u>Booker</u> does not apply to § 3582(c)(2) proceedings and Amendment 715 did not have the effect of lowering Defendant's applicable

5

Guidelines range, the district court lacked the authority to reduce Defendant's sentence. See Rhodes, 549 F.3d at 841; see also U.S.S.G § 1B1.10(a)(2) (noting that a "reduction in the defendant's term of imprisonment is . . . *not* authorized" if "none of the amendments . . . is applicable to the defendant" or if "an amendment . . . does not have the effect of lowering the defendant's applicable guideline range") (emphasis added). Accordingly, the district court did not err in denying Defendant's request for a reduced sentence.

For the foregoing reasons, we AFFIRM the judgment of the district court.


Entered for the Court,


Bobby R. Baldock
United States Circuit Judge