**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 1, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

CARLESS JONES,

      Defendant - Appellant.

No. 09-1105

(D. Colorado)

(D.C. No. 1:97-CR-00138-JLK-1)

## ORDER AND JUDGMENT[*]

Before **KELLY**, **EBEL**, and **MURPHY**, Circuit Judges.

This matter is before the court on the parties' joint motion to submit this

case for decision on the briefs. For those reasons set out below, we **grant** the

motion to submit on the briefs, **strike** this case from the November 19, 2009, oral

argument calendar, and **remand** the matter to the district court for further

proceedings.

As grounds for their joint motion to submit on the briefs, the parties note

they are in agreement as to how this case should be resolved. In particular, the

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

government concedes the district court erred in concluding it was without power, pursuant to the terms of U.S.S.G. § 1B1.10(b)(2)(A), to reduce Carless Jones's sentence below 235 months imprisonment. Because Jones's original sentence was a below-Guidelines-range sentence,[1] the government concedes U.S.S.G. § 1B1.10(b)(2)(B) empowered the district court to impose a sentence proportionately below the newly amended crack cocaine Guidelines range. Both parties agree that pursuant to § 1B1.10(b)(2)(B), the district court had the power to impose a sentence as low as, but no lower than, 193 months imprisonment.

In light of the government's well-stated concession of error, this matter is hereby **remanded** to the district court to exercise its discretion, should it so choose, to further reduce Jones's sentence pursuant to § 1B1.10(b)(2)(B).[2] Counsel are hereby excused from attendance at oral argument, previously scheduled for November 19, 2009, in Denver, Colorado.

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge

---

[1]To be specific, Jones's original sentence was a downward departure from the then applicable Guidelines range, not an 18 U.S.C. § 3553(a) variance from the then applicable Guidelines range. *See* U.S.S.G. § 1B1.10(b)(2)(B).

[2]Jones likewise concedes his claim that *Booker* applies to a motion to reduce a sentence pursuant to 18 U.S.C. § 3582(c)(2) is precluded by this court's decision in *United States v. Rhodes*, 549 F.3d 833 (10th Cir. 2008), *cert. denied*, 129 S. Ct. 2052 (2009). He merely raised the claim to preserve the issue for possible Supreme Court review.