FILED
United States Court of Appeals
Tenth Circuit

October 30, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

LARRY BURSE,

Defendant-Appellant.

No. 09-3134
(Case Nos. 2:07-CV-02246-JWL and
2:03-CR-20126-JWL-1)
(D. Kan.)

---

**ORDER**[*]

---

Before **LUCERO**, **McKAY**, and **MURPHY**, Circuit Judges.

---

Appellant, a *pro se* federal prisoner, seeks a certificate of appealability to

appeal the district court's denial of his § 2255 habeas petition. Appellant was

found guilty by a jury on five counts of possession and/or distribution of cocaine

base in 2004 and was sentenced to 151 months imprisonment, the bottom of the

guideline range. We affirmed that conviction and sentence in October 2005.

Appellant then filed a Motion to Vacate, under 28 U.S.C. § 2255, in the district

court in June 2007. This motion was based on multiple claims of ineffective

assistance of counsel, alleging that both trial and appellate counsel failed to raise

---

[*] This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

certain issues including jurisdiction, the Equal Protection Clause and selective prosecution, various errors concerning jury instructions, and errors in computing his sentence. The district court denied this motion on October 18, 2007, correctly applying the Strickland standard to find that any "alleged failures to raise objections and/or issues . . . did not fall below the standard of effective counsel required by the Constitution. (Doc. 96 at 22); *see also Strickland v. Washington*, 466 U.S. 668, 688 (1984).

Three days after this judgment, Appellant filed a motion asking for additional time to submit a reply in support of his § 2255 motion. The district granted time to file a brief, re-characterizing the motion as one to alter or amend the judgment. A short time later, Appellant filed a separate Motion for Reconsideration and Motion to Amend seeking to include in his § 2255 motion an argument for reduction of his sentence pursuant to, 18 U.S.C. § 3582(c)(2) based on Amendment 706 of the Sentencing Guidelines. Four months later, the Federal Public Defender's Office filed a separate Motion to Reduce Sentence on behalf of Appellant, again based on Amendment 706. Finally, on March 23, 2009, the district court ruled on the filings before it. Specifically, the court granted Appellant's motion to Reduce Sentence based on Amendment 706, lowering his sentence to 130 months, again at the bottom of the amended guidelines. However, the court left "[a]ll other aspects of the original Judgment and Commitment Order" the same and denied defendant's other pending motions.

(Doc. 114 at 3).

In his filings to this court, Appellant argues that his sentence should have been reduced even further based on his § 2255 motion because his original "criminal history was erroneously calculated." (Appellant Br. at 3). To obtain a certificate of appealability, Appellant must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to meet this burden, he must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

After carefully reviewing Appellant's filings in this court, the district court's disposition, and the record on appeal, we conclude that reasonable jurists would not debate the district court's dismissal of Appellant's claims. As we stated in *United States v. Rhodes*, "modification proceedings under § 3582(c)(2) are much more narrow in scope than original sentencing proceedings." 549 F.3d 833, 840. These proceedings do not "constitute a full resentencing of the defendant," and thus the court properly left "all other guideline application decisions unaffected." *Id.* (internal quotations omitted). We also see no error in the court's disposition of Appellant's ineffective assistance claims. Therefore, for substantially the reasons set forth in the district court's thorough and well-

reasoned orders, we **DENY** Appellant's request for a certificate of appealability

and **DISMISS** the appeal.

Entered for the Court


Monroe G. McKay
Circuit Judge