**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 23, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

ROBERT EARL JOHNSON;
CLEVELAND GARRETT;
MARK SCAIFE; JOE GARRETT,

      Defendants-Appellants.

Nos. 09-3007, 09-3012,
09-3013 & 09-3016
(D.C. No. 2:04-CR-20039-CM-JPO)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, **PORFILIO**, and **ANDERSON**, Circuit Judges.

---

      Robert Earl Johnson, Cleveland Garrett, Mark Scaife, and Joe Garrett

appeal from orders of the district court denying their individual motions for

sentence reductions pursuant to 18 U.S.C. § 3582(c)(2). Because defendants were

co-defendants in the original district court case and because their appeals raise the

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). These cases are therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

same issues, we will consider their appeals together.  We affirm the district court's denial of defendants' § 3582(c)(2) motions.

## I.  Background

Defendants are serving terms of imprisonment in federal prison for distribution of cocaine base, also known as crack cocaine.  Mr. Johnson was held responsible for 13.2 kilograms of crack cocaine and he was sentenced to 78 months in prison.  Mr. Cleveland Garrett was held responsible for 35.7 kilograms of crack cocaine and he was sentenced to 70 months in prison.  Mr. Scaife was held responsible for 35.7 kilograms of crack cocaine and he was sentenced to 168 months in prison.  Mr. Joe Garrett was held responsible for 28.9 kilograms of crack cocaine and he was sentenced to 84 months in prison.

Defendants all individually filed § 3582(c)(2) motions for a reduction in sentence under guideline Amendment 706, which reset the crack cocaine guidelines.  The district court denied all of the motions, concluding that it lacked jurisdiction to reduce defendants' sentences because Amendment 706 did not lower the guideline range for any of the defendants.  Defendants now appeal.

## II.  Discussion

We review de novo the district court's scope of authority in a resentencing proceeding under § 3582(c)(2).  *United States v. Rhodes*, 549 F.3d 833, 837 (10th Cir. 2008), *cert. denied*, 129 S. Ct. 2052 (U.S. Apr. 27, 2009).  "We review for an abuse of discretion a district court's decision to deny a

reduction in sentence under . . . § 3582(c)(2)." *United States v. Sharkey*, 543 F.3d 1236, 1238 (10th Cir. 2008).

### a. Applicable Authority

Section 3582(c)(2) allows a sentence reduction "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . ." 18 U.S.C. § 3582(c)(2). In such a case, "the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, *if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.*" *Id*. (emphasis added).

The applicable policy statement, U.S.S.G. § 1B1.10, provides that where "the guideline range applicable to [a] defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2)." U.S.S.G. § 1B1.10(a) (2008). Subsection (c) includes Amendment 706 among the enumerated amendments. *Id*. § 1B1.10(c). Amendment 706 generally adjusted downward by two levels the base offense level assigned to quantities of crack cocaine.

In determining the extent of any reduction under § 3582(c)(2), "the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had

been in effect at the time the defendant was sentenced." U.S.S.G. § 1B1.10(b)(1). The policy statement further provides that: "A reduction in the defendant's term of imprisonment is not consistent with the policy statement and therefore *is not authorized under 18 U.S.C. § 3582(c)(2)* if . . . an amendment listed in subsection (c) *does not have the effect of lowering the defendant's applicable guideline range*." U.S.S.G. § 1B1.10(a)(2)(B) (emphasis added).

## b. Defendants' arguments

At defendants' initial sentencing, the base offense level for the quantity of drugs attributable to each defendant was level 38. The new crack cocaine quantity for a base offense level of 38 is 4.5 kilograms. Because all of the defendants were held responsible for more than 4.5 kilograms of crack cocaine, Amendment 706 did not have the effect of lowering their applicable guideline range. The district court determined that it lacked authority to modify defendants' sentences because their base offense level and guideline range remained the same.

Defendants first argue that treating U.S.S.G. § 1B1.10 as a jurisdictional limit violates the Sixth Amendment because it preserves one last mandatory guideline. Defendants acknowledge that this argument is foreclosed by our decision in *Rhodes*, but they respectfully submit that *Rhodes* was wrongly decided and the better approach was adopted by the Ninth Circuit in *United States v. Hicks*, 472 F.3d 1167 (9th Cir. 2007).

-4-

The defendants here raise the same arguments as the defendant in *Rhodes*. In *Rhodes*, the defendant relied on *Hicks*, contending that "the district court erred in concluding that, in modifying his sentence pursuant to § 3582(c)(2), it lacked the authority to impose a sentence . . . less than the minimum of the amended guideline range . . . ." *Rhodes*, 549 F.3d at 837 (quotation omitted). The defendant in *Rhodes* argued further that "because a hearing pursuant to § 3582(c)(2) is a new sentencing hearing, *Booker* is applicable and the guidelines—including § 1B1.10—must be advisory." *Rhodes*, 549 F.3d at 839 (quotation omitted).

> We rejected these arguments as well as the rationale of *Hicks*:
>
> [T]he Ninth Circuit, in a decision on which Rhodes now relies, held that "*Booker*'s requirement that the district courts treat the United States Sentencing guidelines as advisory applies to the resentencing of defendants pursuant to . . . § 3582(c)." [*Hicks*, 472 F.3d at 1168]. As a result, the Ninth Circuit concluded, "district courts are necessarily endowed with the discretion to depart from the Guidelines when issuing new sentences under § 3582(c)(2)." *Id*. at 1170. The problem with the *Hicks* decision, in our view, is that it failed to consider that, as outlined above, sentence modification proceedings have a different statutory basis than original sentencing proceedings. As a result, the Ninth Circuit erroneously concluded that the remedial portion of the *Booker* decision, which rendered the guidelines effectively advisory for purposes of original sentencing proceedings, applied to § 3582(c)(2) proceedings as well.

*Rhodes*, 549 F.3d at 840-41 (footnote omitted). We "conclude[d] that *Booker* simply has no bearing on sentencing modification proceedings conducted under § 3582(c)(2)." *Id*. at 840.

We went on to consider whether district courts have the authority to sentence defendants below the amended guideline range in the § 3582(c)(2) context, or whether they are bound to mandatorily apply § 1B1.10, which disallows sentence reductions if the amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). We concluded that § 1B1.10 was mandatory, thereby divesting district courts of authority to impose a below-Guidelines sentence:

> The Sentencing Commission's policy statements regarding modifications of previously imposed sentences are set forth in § 1B1.10. Under the current version of that guideline, the Sentencing Commission has clearly indicated that a sentencing court shall not, in modifying a previously imposed sentence on the basis of an amended guideline, impose a sentence below the amended guideline range. *Because this policy statement is binding on district courts pursuant to § 3582(c)(2), the district court when sentencing Rhodes correctly concluded that it lacked the authority to impose a modified sentence that fell below the amended guideline range.*

*Rhodes*, 549 F.3d at 841 (emphasis added).

We reaffirmed our holding in *Rhodes* in *United States v. Pedraza*, 550 F.3d 1218 (10th Cir. 2008), *cert. denied*, 2009 WL 811581 (U.S. May 18, 2009). In *Pedraza*, we explained that

> [l]ike Mr. Pedraza, Mr. Rhodes disputed the extent of the resentencing judge's authority to reduce his sentence. He argued that after *Booker*, the sentencing judge had the authority not only to reduce his sentence to the amended guidelines range but to reduce it even further if the § 3553(a) factors so warranted a variance. We rejected this position. Although *Booker* excised from the statute § 3553(b)(1), which had mandated that judges impose within-guidelines sentences in original sentencings, we noted that

-6-

*Booker* had not touched § 3582(c)(2), which covers sentence modification proceedings. A resentencing proceeding is an entirely different animal that does not implicate the Sixth Amendment concerns that drove the *Booker* remedy. *After our holding in Rhodes, therefore, Mr. Pedraza's argument that Booker and the Sixth Amendment mandate discretion to impose a below-guidelines sentence at resentencing has been settled: they do not.*

550 F.3d at 1220 (citation omitted; emphasis added).

Defendants acknowledge in their briefs that their argument has been foreclosed by our precedent and that this panel is bound by the decisions of prior panels absent en banc reconsideration or a superseding contrary decision by the Supreme Court. But Defendants point out that there is a circuit split on this issue because of *Hicks* and that they are filing the instant appeals to preserve their ability to benefit from Supreme Court review of this question. After the filing of these appeals, however, the Supreme Court denied certiorari in *Rhodes* and *Pedraza*. Accordingly, defendants' argument on this issue is foreclosed by our prior precedent, as there has been no intervening en banc decision in this court or a superseding contrary decision by the Supreme Court. *See In re Smith*, 10 F.3d 723, 724 (10th Cir. 1993) (per curiam).

Defendants next argue that the jurisdictional limit in § 1B1.10 impermissibly invests the Sentencing Commission with power to determine which cases the federal courts have jurisdiction to consider. Because this argument was not raised in any of defendants' motions for reduction of sentence, our review is for plain error. *See United States v. Dryden*, 563 F.3d 1168, 1170 (10th Cir.

2009). In *Dryden*, which was issued after briefing was completed on these appeals, the defendant raised the same issue that defendants raise here. *See id.* We rejected defendant's argument, holding that § 1B1.10 does not create an unconstitutional restraint on resentencing jurisdiction because the language of § 1B1.10(a)(2) "is merely a paraphrase of Congress's own language." *Dryden*, 563 F.3d at 1170-71. As with defendants' first argument, this argument has been foreclosed by our precedent.

The district court properly denied defendants' motions for reduction of sentence under § 3582(c)(2). The judgments of the district court are AFFIRMED.

Entered for the Court


Stephen H. Anderson
Circuit Judge