FILED
United States Court of Appeals
Tenth Circuit

June 29, 2009

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

DAIMON T. PORTER; CHRIS
MOORE; CHARLES MURPHY;
MONIQUE HORTON; FABIAN
PERKINS,

Defendants-Appellant.

Nos. 09-3004, 09-3015, 09-3018,
09-3020 & 09-3021
(D.C. No. 2:03-CR-20003-CM)
(D. Kan.)

ORDER AND JUDGMENT[*]

Before **TACHA**, **PORFILIO**, and **ANDERSON**, Circuit Judges.

Daimon T. Porter, Chris Moore, Charles Murphy, Monique Horton, and

Fabian Perkins appeal from orders of the district court denying their individual

motions for sentence reductions pursuant to 18 U.S.C. § 3582(c)(2).  Because

defendants were co-defendants in the original district court case and because their

---

[*]      After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  These cases are
therefore ordered submitted without oral argument.  This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel.  It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

appeals raise the same issues, we will consider their appeals together. We affirm the district court's denial of defendants' § 3582(c)(2) motions.

Defendants are serving terms of imprisonment in federal prison for distribution of cocaine base, also known as crack cocaine. Mr. Porter was held responsible for 40.8 kilograms of crack cocaine and he was sentenced to 180 months in prison. Mr. Moore was held responsible for 35.7 kilograms of crack cocaine and he was sentenced to 210 months in prison. Mr. Murphy was held responsible for 20.4 kilograms of crack cocaine and he was sentenced to 105 months in prison. Ms. Horton was held responsible for 40.8 kilograms of crack cocaine and she was sentenced to 324 months in prison. Mr. Perkins was held responsible for 40.8 kilograms of crack cocaine and he was sentenced to 131 months in prison.

Defendants all individually filed § 3582(c)(2) motions for a reduction in sentence under guideline Amendment 706, which reset the crack cocaine guidelines. At defendants' initial sentencing, the base offense level for the quantity of drugs attributable to each defendant was level 38. The new crack cocaine quantity for a base offense level of 38 is 4.5 kilograms. Because all of the defendants were held responsible for more than 4.5 kilograms of crack cocaine, Amendment 706 did not have the effect of lowering their applicable guideline range. The district court denied all of the motions, concluding that it

lacked authority to modify defendants' sentences because their base offense level and guideline range remained the same. Defendants now appeal.

Defendants are represented by the same Federal Public Defender and raise the identical issues as the defendants in this court's recently issued order and judgment in *United States v. Johnson*, Nos. 09-3007, 09-3012, 09-3013, 09-3016, 2009 WL 1762161 (10th Cir. June 23, 2009) (unpublished). As in *Johnson*, defendants here argue that the district court erred in denying their motions for a reduction in sentence because treating U.S.S.G. § 1B1.10[1] as a jurisdictional limit violates the Sixth Amendment and impermissibly invests the Sentencing Commission with power to determine which cases the federal courts have jurisdiction to consider. Like the defendants in *Johnson*, these defendants acknowledge that this court has held in published decisions that crack cocaine offenders are not eligible for retroactive reductions under Amendment 706 if that amendment does not have the effect of changing their guideline range. But, as in *Johnson*, these defendants assert that they are filing the instant appeal to preserve

---

[1] Section 1B1.10 is the applicable Sentencing Guidelines policy statement. It provides that: "A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore *is not authorized under 18 U.S.C. [§] 3582(c)(2)* if . . . [a]n amendment listed in subsection (c) *does not have the effect of lowering the defendant's applicable guideline range*." U.S.S.G. § 1B1.10(a)(2)(B) (emphasis added).

their ability to benefit from Supreme Court review of the issues they have raised because there is a circuit split on one of the issues.

As we explained in *Johnson*, defendants' arguments on the issues raised in these appeals are foreclosed by *United States v. Rhodes*, 549 F.3d 833, 841 (10th Cir. 2008), *cert. denied*, 129 S. Ct. 2052 (U.S. Apr. 27, 2009), *United States v. Pedraza*, 550 F.3d 1218, 1220 (10th Cir. 2008), *cert. denied*, 2009 WL 811581 (U.S. May 18, 2009), and *United States v. Dryden*, 563 F.3d 1168, 1170-71 (10th Cir. 2009). Because there has been no intervening en banc decision in this court or a superseding contrary decision by the Supreme Court, we are bound by the precedent of prior panels. *See In re Smith*, 10 F.3d 723, 724 (10th Cir. 1993) (per curiam). Accordingly, the judgments of the district court are AFFIRMED.

Entered for the Court


Stephen H. Anderson
Circuit Judge

-4-