**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 16 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

IKE MCCLOUD,

    Defendant - Appellant.

No. 01-3076
D.C. Nos. 96-CR-20031-01-DES and
00-CV-3342-DES
(D. Kansas)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **ALDISERT**[**] and **HOLLOWAY**, Circuit Judges.

In 1996, Defendant-Appellant Ike McCloud was convicted of two counts of distribution of cocaine in violation of 21 U.S.C. § 841(a)(1). He was sentenced to two terms of 360 months in prison to be served concurrently, and he appealed. Our court affirmed the convictions and sentence. *United States v. McCloud*, 127 F.3d 1284 (10th Cir. 1997).

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]The Honorable Ruggero J. Aldisert, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

McCloud then filed in the district court a motion under 28 U.S.C. § 2255 to vacate or correct his sentence. He asserted that his sentence was illegal because it was based in part on a calculation of drug quantity that was not made by the jury, and he relied on *Apprendi v. New Jersey*, 530 U.S. 466 (2000). The district court denied relief, concluding that the rule of *Apprendi* is not applicable in an initial proceeding for collateral review. The judge issued a Certificate of Appealability as to the *Apprendi* issue. On appeal from the district court's denial of relief, Mr. McCloud filed a pro se brief, and then we appointed counsel who filed an additional brief.[1]

A panel of this court recently held that the rule of *Apprendi* will not be applied on an initial application for collateral review. *United States v. Mora*, 293 F.3d 1213, 1217-19 (10th Cir. 2002) *pet. for cert. filed*, 8/30/02 (no. 02-6125).[2] Thus, the ruling made by Judge Saffels in the instant case is now the rule of this circuit. This precedent requires us to reject Mr. McCloud's argument in this appeal.

Two additional issues have been raised in the briefs, but like the primary issue they are based on the premise that *Apprendi* should be applied in this collateral proceeding.

---

[1]Defendant-Appellant in his pro se brief requested oral argument. However, after examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34 (a)(2); 10th Cir. R. 34.1(G). This cause is therefore ordered submitted without oral argument.

[2]We earlier held that the A*pprendi* rule will not be applied in a successive application for collateral review. *Browning v. United States*, 241 F.3d 1262, 1265 (10th Cir. 2001).

Accordingly, neither of these issues support Mr. McCloud's claim for relief. In his pro se brief, Mr. McCloud asserts that his sentence was unlawfully calculated because his offense level was increased by two points for possession of a firearm in the course of his criminal activity (*see United States v. McCloud*, 127 F.3d at 1291), when that fact was not pleaded in the indictment. In the brief submitted by appointed counsel, an argument is made that greater penalties should not be imposed in cases involving crack cocaine unless the indictment specifically charges the defendant with a crime involving that form of the drug.

The district court did not grant a Certificate of Appealability on these issues, and we decline to do so because Mr. McCloud has not made the required "substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253 (c)(2); *United States v. Gordon*, 172 F.3d 753, 754 (10th Cir. 1999). Mr. McCloud's arguments on these points depend on retroactive application of *Apprendi* which is impermissible.

Accordingly the order denying relief under 28 U.S.C. § 2255 is

**AFFIRMED.**

ENTERED FOR THE COURT


William J. Holloway, Jr.
Circuit Judge

- 3 -