**UNITED STATES COURT OF APPEALS**

**April 2, 2010**

**TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

IKE MCCLOUD, JR.,

     Defendant-Appellant.

No. 09-3295
(D.Ct. No. 2:96-CR-20031-CM-1)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]

Before **BARRETT**, **ANDERSON**, and **BRORBY**, Senior Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

Defendant-Appellant Ike McCloud, Jr., a federal inmate appearing through

counsel, appeals the district court's denial of his motion brought pursuant to 18

_____

[*] This order and judgment is not binding precedent except under the
doctrines of law of the case, *res judicata* and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

U.S.C. § 3582(c)(2) for the purpose of preserving for future appeal a reduction of his sentence below the United States Sentencing Guidelines ("Guidelines" or "U.S.S.G.") range pursuant to *United States v. Booker*, 543 U.S. 220 (2005). We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

## I. Factual and Procedural Background

In 1996, a jury convicted Mr. McCloud on two counts of distribution of cocaine base (crack cocaine), and the district court sentenced him to 360 months on each count, to run concurrently, which was at the low end of the Guidelines range of 360 months to life imprisonment. *See United States v. McCloud*, 127 F.3d 1284, 1286, 1290 (10th Cir. 1997). In 1997, this court affirmed his convictions and sentences. *Id.* at 1292. Thereafter, Mr. McCloud unsuccessfully filed a motion, under 28 U.S.C. § 2255, to vacate or correct his sentence on grounds a jury, rather than the district court, should have determined the drug quantity attributed to him, which the district court denied and this court affirmed. *See United States v. McCloud*, 48 F.App'x 318, 318-19 (10th Cir. Oct. 16, 2002) (unpublished op.).

In November 2008, Mr. McCloud filed a pro se motion, and later his counsel filed a motion, under 18 U.S.C. § 3582(c)(2) to reduce his sentence based on Amendment 706, which modified the Drug Quantity Table in U.S.S.G.

§ 2D1.1(c) downward two levels for crack cocaine offenses, effective November 1, 2007, and retroactive as of March 3, 2008.[1] He argued that his sentencing range of 360 months to life imprisonment should be reduced two levels under Amendment 706, to a range of 292 to 365 months in prison, and that his sentence should be further reduced under *Booker,* based on the Supreme Court's determination the Guidelines are merely advisory, for a resulting sentence at the statutory minimum of 240 months imprisonment. As part of his *Booker* argument, he contended that precluding any further reduction of his sentence under U.S.S.G. § 1B1.10, which mandates sentence reductions only by amendment to the Guidelines, would violate his Sixth Amendment rights and the separation of powers doctrine. Thereafter, this court issued decisions in *United States v. Rhodes*, 549 F.3d 833, 839-40 (10th Cir. 2008), *cert. denied,* 129 S. Ct. 2052 (2009); and *United States v. Pedraza*, 550 F.3d 1218, 1220-22 (10th Cir. 2008), *cert. denied,* 129 S. Ct. 2406 (2009), holding § 1B1.10 limits the courts from imposing below-Guidelines sentences in conjunction with § 3582 and is unaffected by the decision in *Booker*. Following those decisions, Mr. McCloud conceded that if the provisions of § 1B1.10 are mandatory, then his request for a below-Guidelines sentence should be denied, but he preserved the issue for appeal and again asked for relief of at least a two-level reduction under Amendment 706

---

[1] *See* U.S.S.G. Supp. to App. C, Amend. 706 (Reason for Amend.); Amends. 712 and 713 (Mar. 3, 2008 Supp.); U.S.S.G. § 1B1.10(a)(2).

for a sentence of 292 months imprisonment, at the low end of the Guidelines range. He also admitted he committed a number of post-sentencing infractions, but argued they mainly constituted minor infractions which should not affect his request for a two-level sentence reduction.

While the district court determined it had discretion to reduce Mr. McCloud's sentence by two offense levels under Amendment 706 and that he qualified for such a reduction, it denied his request based on his post-sentencing conduct while in custody, stating it had a responsibility to consider the § 3553(a) factors, including "the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment." R., Vol. 2 at 20-21. Under this factor, it determined his prior conduct warranted a denial based on his committing at least thirty-three disciplinary infractions on different dates, including six infractions for intoxicants and/or drugs or drug items; three instances of possession of dangerous weapons; four occasions of engaging in violent acts such as assault and fighting; and one instance of threat of bodily harm. As part of its order, it also recognized Mr. McCloud's concession regarding our holding that § 1B1.10 and *Booker* did not allow below-Guidelines sentencing in § 3582 proceedings.

## II. Discussion

Mr. McCloud now appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion, claiming district courts should have discretion to consider below-Guidelines sentences in § 3582 proceedings under *Booker*. In making this argument, he concedes this court has held U.S.S.G. § 1B1.10 does not allow a below-Guidelines sentence in § 3582 proceedings and we are bound by such precedent. However, he notes the Supreme Court recently granted review of this issue in *Dillon v. United States*, 130 S. Ct. 797 (Dec. 7, 2009), on appeal from the Third Circuit, and he wishes to preserve the issue as he did before the district court. In making his argument, Mr. McCloud is claiming the Sentencing Commission policy statement in § 1B1.10 cannot limit the district court's jurisdiction and that the principles announced in *Booker* should apply once a court's jurisdiction is invoked under § 3582(c). The government opposes Mr. McCloud's appeal, pointing out the district court did not abuse its discretion in denying the two-level adjustment based on its determination of the possible danger Mr. McCloud posed to others, as indicated by his post-sentence conduct, and in denying a below-Guidelines sentence for lack of jurisdiction based on our precedent.

In addressing Mr. McCloud's appeal, "'[w]e review de novo the district court's interpretation of a statute or the sentencing guidelines.'" *United States v.*

*Brown*, 556 F.3d 1108, 1111 (10th Cir.) (quoting *United States v. Smartt*, 129 F.3d 539, 540 (10th Cir. 1997)), *cert. denied*, 130 S. Ct. 219 (2009). "We review for an abuse of discretion a district court's decision to deny a reduction in sentence under 18 U.S.C. § 3582(c)(2)." *Id.* (relying on *United States v. Dorrough*, 84 F.3d 1309, 1311 (10th Cir. 1996)).

Applying our standard of review, we turn to the relevant part of § 3582, on which Mr. McCloud brought his motion for a reduction of sentence and the district court relied in denying his motion. It states:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on *a sentencing range that has subsequently been lowered by the Sentencing Commission* pursuant to 28 U.S.C. [§] 994(o), ... the court *may* reduce the term of imprisonment, *after considering the factors set forth in section 3553(a) to the extent that they are applicable,* if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2) (emphasis added). As previously mentioned, the Sentencing Commission lowered crack cocaine sentences by promulgating Amendment 706 to the Guidelines, which is a reduction that may be granted under § 3582(c)(2). *See* U.S.S.G. § 1B1.10(a)(2) (Nov. 1, 2009). Similarly, § 1B1.10 of the Sentencing Commission's policy states:

> In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court *may* reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). ...

> [A]ny such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

U.S.S.G. § 1B1.10(a)(1) (emphasis added).  However, it also states that "the court shall substitute only the amendments listed," leaving "all other guideline application decisions unaffected," § 1B1.10(b)(1), and "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range ...." § 1B1.10(b)(2).  Subsection (c), as referenced in these provisions, merely lists the amendments covered, which include Amendment 706.  *See* § 1B1.10(c).

In *United States v. Price*, we held "a district court is authorized to modify a defendant's sentence only in specified instances where Congress has *expressly* granted the court jurisdiction to do so" and explained that by the very terms of § 3582(c)(2) "the court only has authority to modify a sentence when the range has been lowered by the Sentencing Commission pursuant to 28 U.S.C. [§] 994(o)."  438 F.3d 1005, 1006-07 (10th Cir. 2006) (internal quotation marks and citations omitted).  In *United States v. Dryden*, we rejected an argument similar to Mr. McCloud's that the Sentencing Commission's policy statement in § 1B1.10(a)(2) impermissibly limited the district court's jurisdiction to reduce a sentence under § 3582(c)(2).  *See* 563 F.3d 1168, 1170 (10th Cir.), *cert. denied,*

130 S. Ct. 311 (2009).  We held the language in § 3582(c)(2), stating that a court may reduce the term of imprisonment when "*a sentencing range … has subsequently been lowered by the Sentencing Commission* pursuant to 28 U.S.C. [§] 994(o)," places a statutory limitation on resentencing and "is identical to the requirement in U.S.S.G. § 1B1.10(a)(2) that the amendment to the guidelines 'have the effect of lowering the defendant's applicable guideline range.'" *Id.* at 1170-71 (citation omitted).  Finally, in *Rhodes*, as previously mentioned, we explained the principles announced in *Booker* concerning 18 U.S.C. § 3553 applied only to original sentences and not to proceedings under § 3582(c)(2), *see* 549 F.3d at 839-40, and concluded in *Pedraza*, 550 F.3d at 1220-22, that § 1B1.10 limits the courts from imposing below-Guidelines sentences in conjunction with § 3582.  We find the principles in *Pedraza, Rhodes*, *Dryden*, and *Price* fully dispositive of Mr. McCloud's arguments and further note "we are bound by the precedent of prior panels."  *See Dryden*, 563 F.3d at 1171 n.1 (internal quotation marks and citation omitted).

In addition, the Supreme Court pointed out in *Booker* that the Sentencing Commission "is an independent agency that exercises policymaking authority delegated to it by Congress" and Congress's delegation of authority to that Commission to promulgate Guidelines does not violate the separation of powers principles or otherwise exceed Congress's powers.  *See* 543 U.S. at 242-43.  After

severing and excising 18 U.S.C. §§ 3553(b)(1) and 3742(e) of the Sentencing Reform Act of 1984, as amended, the *Booker* Court determined "[t]he remainder of the Act satisfies the Court's constitutional requirements," which it listed as being: "(1) constitutionally valid, (2) capable of functioning independently, and (3) consistent with Congress' basic objectives in enacting the statute." *Id.* at 258-59 (internal quotation marks and citations omitted). Of course, the remainder of the Sentencing Reform Act to which the *Booker* Court referred includes § 3582(c).

Applying these principles to the case presented here, it is clear § 1B1.10 limits a district court's authority to reduce a sentence under § 3582(c). This limitation prohibited the district court from reducing Mr. McCloud's term of imprisonment below the applicable Guidelines range. In contrast, the district court had discretion under § 3582(c) to reduce Mr. McCloud's sentence two offense levels under Amendment 706, but it declined to do so based on Mr. McCloud's multitude of disciplinary infractions, including at least four violent acts. For these reasons, we conclude Mr. McCloud cannot prevail on his constitutional and *Booker* arguments, and the district court did not abuse its discretion in failing to apply Amendment 706.

### III.  Conclusion

For the foregoing reasons, we **AFFIRM** the district court's order denying

Mr. McCloud's motion filed pursuant to 18 U.S.C. § 3582(c)(2).

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge