FILED
United States Court of Appeals
Tenth Circuit

**May 27, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff–Appellee,

v.

ROY JOE BEN THURSTON, II,

      Defendant–Appellant.

No. 09-6211
(D.C. No. 5:07-CR-00163-HE-1)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **EBEL**, and **LUCERO**, Circuit Judges.

Roy Joe Ben Thurston, II, appeals his sentence on the ground that the district court

erred in applying a two-level upward adjustment to his criminal offense level under

United States Sentencing Guidelines ("USSG") § 2D1.1(b)(1). Because Thurston

knowingly and voluntarily waived his appellate rights, we dismiss his appeal.

---

[*] The case is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 32.1.

# I

In 2007, Thurston pled guilty to two counts of possession of a controlled substance with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  The plea agreement contained an express waiver of Thurston's right to "[a]ppeal . . . his sentence as imposed by the Court . . . provided the sentence is within or below the advisory guideline range determined by the Court to apply to this case."  In calculating a total offense level of twenty-five,[1] the district court applied a two-level enhancement for possession of a firearm in connection with drug activity pursuant to USSG § 2D1.1(b)(1).[2]  Based on this offense level and a criminal history category of III, the court calculated a suggested guidelines range of seventy to eighty-seven months and sentenced Thurston to eight-four months' imprisonment.[3]

Approximately one year after sentencing, Thurston filed a 28 U.S.C. § 2255

---

[1] The court applied the 2007 version of the sentencing guidelines.

[2] The presentence investigative report ("PSR") initially suggested a total offense level of twenty-seven.  At sentencing, however, the district court upheld Thurston's objection to the court's considering approximately fifteen grams of cocaine as relevant conduct, reducing the offense level by two.

[3] In January 2009, Thurston and the government filed a joint motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c), based on Amendment 715 to the USSG.  The district court concluded that Amendment 715 did not apply to Thurston, and we affirmed this judgment on appeal, see United States v. Thurston, 336 Fed. Appx. 795, 798 (10th Cir. 2009) (unpublished).

habeas petition asserting that the district court incorrectly applied the two-level sentencing enhancement and that he suffered ineffective assistance of counsel because counsel refused to appeal the sentence as requested. In response, the government filed a motion to enforce Thurston's plea agreement. After concluding Thurston had sufficiently shown he requested that counsel appeal his sentence, the district court partially granted the § 2255 petition to allow Thurston to file an out-of-time appeal.[4] Three days later, Thurston appealed his sentence.

## II

"A defendant may not appeal [his] sentence if [he] has waived [his] appellate rights in an enforceable plea agreement." United States v. Smith, 500 F.3d 1206, 1210 (10th Cir. 2007). To determine the enforceability of a waiver of appellate rights in a plea agreement, we examine: "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." United States v. Hahn, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc).

Thurston's appeal falls within the scope of the waiver of appellate rights. In his plea agreement, Thurston waived all appeals from his sentence, provided the sentence was within or below the applicable guidelines range determined by the sentencing court. The court sentenced Thurston within the guidelines range it calculated.

---

[4] The district court dismissed the remainder of the § 2255 petition as premature.

To determine if Thurston's waiver was knowing and voluntary, we "examine whether the language of [his] plea agreement states that [he] entered the agreement knowingly and voluntarily" and we "look for an adequate Federal Rule of Criminal Procedure 11 colloquy." Hahn, 359 F.3d at 1325. Thurston bears the burden of showing that he did not knowingly and voluntarily waive his appellate rights. United States v. Ochoa-Colchado, 521 F.3d 1292, 1299 (10th Cir. 2008). Thurston fails to make this showing: His plea agreement expressly provided that he "knowingly and voluntarily" waived his right to appeal. Moreover, at his plea hearing, Thurston acknowledged that he entered his plea voluntarily and of his own free will. When the court stated the terms of the waiver of appellate rights and specifically questioned Thurston about them, Thurston replied that he understood.[5]

Finally, enforcement of an appellate waiver results in a miscarriage of justice only in four circumstances: "[1] where the district court relied on an impermissible factor such as race, [2] where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, [3] where the sentence exceeds the statutory maximum, or [4] where the waiver is otherwise unlawful." Hahn, 359 F.3d at 1327. None applies. First, there is no evidence in the record indicating that the district

---

[5] At his § 2255 hearing, Thurston made statements indicating he believed he could appeal his sentence, notwithstanding the appellate waiver. But Thurston has waived any argument that these statements indicate that his plea was not knowing and voluntary by failing to raise the argument—or any other argument related to his appellate waiver—in his opening brief. See State Farm Fire & Cas. Co v. Mhoon, 31 F.3d 979, 984 n.7 (10th Cir. 1994).

court relied on an impermissible factor in sentencing. Second, although Thurston contended in his § 2255 petition that he suffered ineffective assistance of counsel, he did not assert that his counsel was ineffective in the negotiation of the waiver. Third, Thurston's sentence does not exceed the statutory maximum of forty years imprisonment, see 21 U.S.C. § 841(b)(1)(B). Lastly, there is no indication that the waiver affects "the fairness, integrity or public reputation of judicial proceedings," as is required to be held "otherwise unlawful." Hahn, 359 F.3d at 1329. Enforcing the waiver would thus not result in a miscarriage of justice.

## III

For the foregoing reasons, we enforce Thurston's waiver of his appellate rights and **DISMISS** the appeal.

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge