**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 30, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

LEVI A. WILSON,

    Defendant-Appellant.

No. 09-8029

(D.C. Nos. 2:06-CV-00264-ABJ and
2:05-CR-00078-ABJ-3)
(D. Wyoming)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **KELLY, BRISCOE,** and **HOLMES**, Circuit Judges.

Levi A. Wilson, a federal prisoner appearing pro se,[1] seeks a certificate of
appealability ("COA") in order to challenge the district court's denial of his 28
U.S.C. § 2255 motion to vacate, set aside, or correct sentence. Because Wilson
has failed to satisfy the standards for the issuance of a COA, we deny his request
and dismiss the matter.

I

Wilson and five co-defendants were charged with multiple conspiracy and

---

[*] This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel.

[1] As he is proceeding *pro se*, we have construed Wilson's pleadings
liberally. Cannon v. Mullin, 383 F.3d 1152, 1160 (10th Cir. 2004).

crack cocaine offenses. Wilson and three of his co-defendants pled not guilty and proceeded to trial. After six days of trial, Wilson and two of those co-defendants entered guilty pleas pursuant to plea agreements with the government. At Wilson's change of plea hearing, Wilson stated, under oath, that the government had accurately outlined the terms of the plea agreement with him, that he understood that the plea agreement would lead to a 20-year sentence, that he understood that if the district court accepted his guilty plea, he would not be able to withdraw the plea, that he understood the presentence report process, that he understood the minimum and maximum consequences of his guilty plea, that he understood the constitutional rights he was waving in his plea, that he understood the charges against him, and that his plea was voluntary and of his own free will and not induced by threats, coercion, or violence against him or anyone close to him. Wilson stated that he had no questions about anything that had gone on at the change of plea hearing, and that he was comfortable that he had done the right thing by pleading guilty.

Wilson subsequently testified at the trial of the remaining co-defendant. During his sworn testimony, Wilson admitted that he traveled to Cheyenne, Wyoming two or more times a month to sell crack cocaine, and that his five co-defendants were also involved in distributing crack cocaine from the same location with him. Wilson conceded he was a user and seller of crack cocaine, and that he sold crack cocaine for the profit, not just to support his personal use.

2

At Wilson's sentencing hearing, the district court accepted Wilson's guilty plea and sentenced Wilson to the agreed-upon sentence of 240 months' imprisonment, followed by a 10-year term of supervised release. At the conclusion of the sentencing hearing, Wilson stated that he did not have questions about what was done, and that he was "pretty pleased." ROA Vol. 1 at 229. Wilson did not file a direct appeal.

Wilson, appearing pro se, filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence. The motion alleged, in pertinent part, that: (1) his conviction and sentence should be set aside because he is actually innocent of the drug trafficking charges to which he pled guilty; (2) his guilty plea was not voluntarily entered due to his trial counsel's ineffectiveness; and (3) his 20-year sentence was unconstitutional. The district court denied Wilson's motion, and his subsequent motion for reconsideration.

Wilson next filed a timely notice of appeal and a request for COA in the district court. The district court did not act on the COA issue, and therefore it is deemed denied by the district court. See 10th Cir. R. 22.1(C) ("Failure of the district court to issue a certificate of appealability within thirty days of filing the notice of appeal shall be deemed a denial."). Wilson has now renewed his request for COA with this court.

## II

The issuance of a COA is a jurisdictional prerequisite to an appeal from the

3

denial of a § 2255 motion. Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, an applicant must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (citation and internal quotation marks omitted).

In his briefing before this court, Wilson argues the same bases for a COA as he did before the district court. Wilson's first claim is that he is actually innocent. In consideration of this claim, the district court concluded that the alleged failure of Wilson's trial counsel to produce certain exculpatory evidence at trial was insufficient to overcome Wilson's guilty plea and inculpatory testimony at trial, especially in light of the vague character of Wilson's proffers of innocence. See United States v. Cervini, 379 F.3d 987, 991 (10th Cir. 2004) ("In order to meet this standard [for reviewing the merits of an otherwise defaulted claim of actual innocence], however, the petitioner is required to establish, by a fair probability, that the trier of facts would have entertained a reasonable doubt of his guilt." (internal quotations and alterations omitted)).

In analyzing Wilson's second claim of ineffective assistance of counsel, the district court concluded that Wilson's allegation that his guilty plea was coerced

4

by his trial counsel was inconsistent with the record of the proceedings, and that Wilson had therefore failed to establish that his counsel was ineffective or that Wilson was prejudiced in his defense. See Strickland v. Washington, 466 U.S. 668, 691 (1984) (requiring a showing of error and prejudice for ineffective assistance of counsel claims). The district court also found that Wilson's allegations that his trial counsel failed to adequately represent him were also insufficient to meet the Strickland standard because they were vague, especially compared to the overwhelming evidence against Wilson. Wilson's claim that his trial counsel coerced him to commit perjury at trial was rejected as frivolous, because the testimony given by Wilson at trial was consistent with other testimony offered during the trial. In his last ineffective assistance of counsel claim, Wilson alleged that his trial counsel offered him incorrect sentencing advice. The district court found that Wilson's trial counsel's advice was sensible and wholly understandable, and that Wilson was not prejudiced by the advice.

And finally, Wilson's third claim was that his sentence was unconstitutional because it was derived from illegal sentencing guidelines (essentially, Wilson made an argument that his sentence was in violation of United States v. Booker, 543 U.S. 220, 244 (2005) ("Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt.")). The

5

district court denied this claim as procedurally barred, but also denied the claim on the merits, because Wilson's sentence was not determined based on the sentencing guidelines, but rather, was based on Wilson's plea agreement with the government pursuant to Rule 11(c)(1)(C). See United States v. Graham, 466 F.3d 1234, 1240 (10th Cir. 2006) ("Booker, however, is not implicated where the district court accepts a stipulated sentence under a Rule 11(c)(1)(C) plea bargain.").

In his application for COA, Wilson makes no attempt to argue that the district court used the wrong standards of law in resolving his claims. Rather, Wilson makes the same arguments before this court that he did before the district court. Having examined Wilson's appellate pleadings and the record on appeal, we conclude that the arguments forwarded by Wilson in his application for COA are unpersuasive. Moreover, we conclude the propriety of the district court's resolution of the case is not debatable. We therefore conclude that Wilson has failed to make the requisite showing for the issuance of a COA, for substantially the same reasons stated by the district court.

III

The application for COA is DENIED and the matter is DISMISSED.

Entered for the Court


Mary Beck Briscoe
Circuit Judge

6