FILED
United States Court of Appeals
Tenth Circuit

December 6, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

LEVI A. WILSON,

      Defendant-Appellant.

No. 10-8043
(D.C. Nos. 2:05-CR-00078-ABJ-3)
(D. Wyo.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE,** Chief Judge, **TACHA,** and **O'BRIEN**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is, therefore, submitted without oral argument.

Levi A. Wilson ("Wilson"), a federal prisoner proceeding pro se, appeals

_____

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

the district court's denial of his motion filed pursuant to 18 U.S.C. § 3582(c)(2) requesting a sentence reduction based on Amendment 706 to the United States Sentencing Guidelines ("Sentencing Guidelines" or "U.S.S.G.").[1]  The district court denied the motion, concluding that it lacked authority to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) because Wilson had received the statutory mandatory minimum sentence for violating 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii) with a prior felony drug conviction established under 21 U.S.C. § 851.  Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm the district court's determination that it lacked the authority to reduce Wilson's sentence.

## I. BACKGROUND

On July 13, 2005, Wilson, along with several other individuals, was charged in a grand jury indictment with conspiracy to possess with the intent to distribute more than 50 grams of a mixture or substance containing cocaine base ("crack cocaine") in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(iii), and conspiracy to use a place for the purpose of manufacturing, distributing and using crack cocaine in violation of 21 U.S.C. §§ 856(a)(1) and (b).  ROA, Vol. 1 at

---

[1] Amendment 706 to the Sentencing Guidelines "amended the Drug Quantity Table in U.S.S.G. § 2D1.1(c)," reducing the base offense levels for crack cocaine-related offenses by two levels.  See United States v. Rhodes, 549 F.3d 833, 835 (10th Cir. 2008) (discussing U.S.S.G. Manual app. C, amend. 706 (2007)).

99–100.  As to Wilson, on August 8, 2005, the government also filed an information under 21 U.S.C. § 851 identifying a prior felony drug conviction[2] and providing notice of its intent to apply the enhanced mandatory minimum sentence of 20 years' imprisonment and mandatory maximum sentence of life imprisonment pursuant to 21 U.S.C. § 841(b)(1)(A).  ROA, Vol. 2 at 22–23.

Wilson initially pleaded not guilty to the charges, and he, along with three co-defendants, proceeded to trial.  See ROA, Vol. 1 at 143.  After six days of trial, on August 23, 2005, Wilson entered into an oral plea agreement with the government pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure.  ROA, Vol. 3 at 1355, 1357 (Change of Plea Hearing at 2, 4).  Under the plea agreement, Wilson agreed to plead guilty to the charged conduct, stipulate that the relevant conduct for his charged offenses involved crack cocaine in amounts that equaled or exceeded 1.5 kilograms, waive his right to appeal, and testify during the ongoing trial against any remaining defendants.  Id. at 1355–56, 1359–62 (Change of Plea Hearing at 2–3, 6–9).  In exchange, the government stipulated that it would agree to a 20 year term of imprisonment.  Id. at 1355 (Change of Plea Hearing at 2).  The plea agreement also specified that the government would evaluate any additional cooperation Wilson provided and consider whether it warranted a further sentence reduction pursuant to U.S.S.G. §

_____

[2] The prior felony conviction occurred in 1995 in Wyoming state court for "delivery of cocaine."  ROA, Vol. 2 at 22–23.

3

5K1.1.  Id. at 1356–57, 1362 (Change of Plea Hearing at 3–4, 9).

During Wilson's change of plea hearing, which culminated in his pleading guilty, the court discussed the implications of the plea agreement with Wilson. Id. at 1360 (Change of Plea Hearing at 7).  The court also inquired as to whether Wilson had been convicted of a prior felony for a drug offense, and Wilson admitted that he had a prior felony drug conviction.  Id. at 1363 (Change of Plea Hearing at 10).  The court then identified the range of sentences that could have been imposed for the charged offenses in the absence of the plea agreement, noting 20 years' imprisonment as the statutory mandatory minimum and life imprisonment as the statutory mandatory maximum under 21 U.S.C. §§ 841(b)(1)(A)(iii) and 851.  Both the court and the government explained to Wilson at the change of plea hearing that by virtue of his proposed guilty plea and the government's having filed an information pursuant to 21 U.S.C. § 851, a term of 20 years was the lowest sentence the court could lawfully impose.  Id. at 1365–66 (Change of Plea Hearing 12–13).  The court deferred accepting the plea agreement until a presentence investigation report ("PSR") had been prepared and reviewed.  See id. at 1362–63 (Change of Plea Hearing at 9–10).

Wilson did not object to the calculation of his sentence in the PSR, which was subsequently prepared.  When the applicable mandatory minimum sentence under 21 U.S.C. §§ 841(b)(1)(A) and 851 was calculated, the final advisory guideline range set forth in the PSR was 240 to 262 months.  At the sentencing

4

hearing, the court discussed the sentence calculated in the PSR. ROA, Vol. 3 at 1576–78 (Sentencing Transcript at 5–7). Specifically, as provided in the PSR, the court noted the base offense level as 38 based on the stipulated relevant conduct. Id. at 1576 (Sentencing Transcript at 5); see also U.S.S.G. § 2D1.1(c)(1). After accounting for the two level downward departure for acceptance of responsibility, the court identified the total offense level as 36. ROA, Vol. 3 at 1576 (Sentencing Transcript at 5); see also U.S.S.G. § 3E1.1(a). The court then identified Wilson's criminal history category as II based on a prior felony drug conviction.[3] ROA, Vol. 3 at 1576 (Sentencing Transcript at 5). Thus, pursuant to the Sentencing Guidelines, the court initially calculated Wilson's sentencing range as 210 to 262 months' imprisonment. Id. at 1578 (Sentencing Transcript at 7). However, the court noted that the government had filed an information under 21 U.S.C. § 851 identifying a prior felony drug conviction to support an enhanced penalty. See id. at 1577 (Sentencing Transcript at 6). The court asked Wilson whether he contested the prior conviction, and Wilson responded that he did not.

---

[3] This prior felony drug conviction was the same conviction that the government had cited as warranting the enhanced penalty pursuant to 21 U.S.C. §§ 841(b)(1)(A)(iii) and 851. Compare ROA, Vol. 2 at 61 (PSR at 15) (adding 3 criminal history points in the calculation pursuant to the Sentencing Guidelines for a prior felony conviction from 1995 in Wyoming state court for "[d]elivery of cocaine"); with ROA, Vol. 2 at 22–23 (identifying the 1995 prior felony drug conviction for "delivery of cocaine" in Wyoming state court as warranting an enhanced penalty). Wilson did not object to the district court's findings regarding his criminal history.

5

Id. at 1578 (Sentencing Transcript at 7). Based on the prior felony drug conviction established under 21 U.S.C. § 851, the court noted the statutory mandatory minimum sentence for violation of 21 U.S.C. § 841(b)(1)(A) is 20 years' or 240 months' imprisonment. See id.; see also U.S.S.G. § 5G1.1(c). The court then accepted the Rule 11(c)(1)(C) plea agreement. ROA, Vol. 3 at 1583 (Sentencing Transcript at 12). Pursuant to the plea agreement, the court sentenced Wilson to 240 months' imprisonment followed by 10 years of supervised release. Id.

Wilson did not file a direct appeal. However, on November 8, 2006, Wilson filed a motion under 28 U.S.C. § 2255 to vacate his conviction and sentence. ROA, Vol. 1 at 282. The 28 U.S.C. § 2255 motion was denied on January 8, 2009. Id. at 333. Subsequently, on April 22, 2010, Wilson filed a motion under 18 U.S.C. § 3582(c)(2) to reduce his sentence. Id. at 365. In the 18 U.S.C. § 3582(c)(2) motion, Wilson argued for a sentence reduction based on Amendment 706 to the Sentencing Guidelines. Alternatively, Wilson contended that his sentence violated the Eighth Amendment to the United States Constitution. The district court rejected both arguments, denying the relief requested. Id. at 385. First, the district court concluded that it lacked the authority to reduce Wilson's sentence under 18 U.S.C. § 3582(c)(2) as his sentence reflected the statutory mandatory minimum under 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(iii) and 851. Id. at 386. Second, the district court

6

concluded that the Eighth Amendment claim was not cognizable under 18 U.S.C. § 3582(c). Id. at 386–87. Wilson now appeals the district court's decision.

## II. DISCUSSION

The scope of a district court's authority to reduce a sentence pursuant to 18 U.S.C. § 3582(c) is a question of law that we review de novo. See United States v. Rhodes, 549 F.3d 833, 837 (10th Cir. 2008) (recognizing that "[t]he scope of a district court's authority in a resentencing proceeding under [18 U.S.C.] § 3582(c)(2) is a question of law that we review de novo"). On appeal, Wilson argues that the district court erred in concluding that it lacked authority to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) as he did not receive the statutorily defined mandatory minimum sentence for his offense. In support of this argument, he contends that the sentence stipulated in the Rule 11(c)(1)(C) plea agreement did not incorporate an enhanced penalty for a prior felony drug conviction under 21 U.S.C. § 851. The record, however, indicates that the Rule 11(c)(1)(C) plea agreement did include consideration of Wilson's prior felony conviction in his sentence computation.

Wilson's undisputed prior felony drug conviction that the government established pursuant to 21 U.S.C. § 851 and his plea of guilty to violating 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii) resulted in an applicable mandatory minimum sentence of 20 years' or 240 months' imprisonment. In other words, the sentencing court was bound by statute and could not sentence Wilson to less

7

than 20 years' or 240 months' imprisonment.  In fact, when explaining the sentence calculated pursuant to the Sentencing Guidelines, the sentencing court limited the applicable sentencing range to 240 to 262 months' imprisonment as a result of the statutory mandatory minimum sentence for 21 U.S.C. §§ 841(b)(1)(A)(iii) and 851.  ROA, Vol. 3 at 1578 (Sentencing Transcript at 7).  As Amendment 706 to the Sentencing Guidelines did not reduce the statutorily defined mandatory minimum, the district court necessarily lacked the authority to reduce Wilson's sentence pursuant to 18 U.S.C. § 3582(c)(2).   See U.S.S.G. Manual app. C, amend. 706 (2007) (providing a two level reduction in base level offenses for most crack cocaine offenses); U.S.S.G. Manual app. C, amend. 712, 713 (2008) (rendering Amendment 706 to the Sentencing Guidelines retroactively applicable); United States v. Smartt, 129 F.3d 539, 542 (10th Cir. 1997) (holding that defendant was not entitled to a reduction in his sentence under 18 U.S.C. § 3582(c)(2) based on an amendment to the Sentencing Guidelines because the defendant was sentenced to the statutory mandatory minimum for his offense which the amendment had not reduced).

Wilson's additional argument that the sentencing court procedurally erred when imposing an enhanced sentence for a prior felony drug conviction established under 21 U.S.C. § 851 is not cognizable pursuant to 18 U.S.C. § 3582(c).  See United States v. Torres-Aquino, 334 F.3d 939, 941 (10th Cir. 2003) ("An argument that a sentence was incorrectly imposed should be raised on direct

8

appeal or in a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255[,]" not under the limited authority of 18 U.S.C. § 3582(c)(2).). Thus, because Wilson proceeded under 18 U.S.C. § 3582(c), neither the district court nor this court had jurisdiction to address whether the district court procedurally erred when calculating his sentence.

We AFFIRM the district court's denial of Wilson's motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c).  We GRANT Mr. Wilson's motion to proceed *in forma pauperis.*

Entered for the Court


Mary Beck Briscoe
Chief Judge