FILED
United States Court of Appeals
Tenth Circuit

September 27, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

v.

LEVI A. WILSON,

        Defendant - Appellant.

No. 12-8020
(D.C. No. 2:05-CR-00078-ABJ-3)
(D. Wyo.)

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

v.

LEVI A. WILSON,

        Defendant - Appellant.

No. 12-8026
(D.C. No. 2:05-CR-00078-ABJ-3)
(D. Wyo.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **O'BRIEN**, and **MATHESON**, Circuit Judges.

---

[*] The parties have waived oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). This case is submitted for decision on the briefs.

This order and judgment is an unpublished decision, not binding precedent. 10th Cir. R. 32.1(A). Citation to unpublished decisions is not prohibited. Fed. R. App. 32.1. It is appropriate as it relates to law of the case, issue preclusion and claim preclusion. Unpublished decisions may also be cited for their persuasive value. 10th Cir. R. 32.1(A). Citation to an order and judgment must be accompanied by an appropriate parenthetical notation – (unpublished). *Id.*

Levi A. Wilson, a federal prisoner proceeding pro se, is a busy man; he has recently filed three appeals with this court, all relating to one conviction. He pled guilty to cocaine trafficking charges pursuant to a binding plea agreement. *See* Fed. R. Civ. P. 11(c)(1)(C). He appeals from the district court's denial of the latest of his attempts to modify his sentence under 18 U.S.C. § 3582(c).[1] We affirm.

## BACKGROUND

This is Wilson's third appeal from denials of collateral relief from the agreed sentence. In 2005, he pled guilty to the charge of conspiracy Count I: to traffic in cocaine base (more commonly known as "crack cocaine" or "crack"), and to use a place for the manufacture, distribution, and use of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 856(a)(1), (b), and 846.[2] (Vol. II at 189.) Wilson agreed to plead

---

[1] In pertinent part, 18 U.S.C. § 3582(c)(2) states:

[I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant . . ., the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) . . . .

[2] Section 841(b) mandates a 10-year to life imprisonment sentence for convictions involving certain quantities of drugs. It also provides: "If any person commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 20 years and not more than life imprisonment . . . ." Section 851 requires the government to file a notice that it intends to apply the § 841 enhancement and to "stat[e] in writing the previous convictions to be relied upon." The government filed its § 851 notice on August 8, 2005. *United States v. Wilson*, 421 Fed. App'x 822, 823 (10th Cir. 2010), *cert denied*, 132 S. Ct. 370 (2011) (*Wilson II*).

guilty to the single count charged in exchange for a 20-year sentence of imprisonment followed by 10 years of supervised release. He did not file a direct appeal but in 2006, he filed a 28 U.S.C. § 2255 motion. The district court denied relief and we denied a Certificate of Appealability. *United States v. Wilson*, 337 Fed. App'x 747, 748 (10th Cir. 2009) (*Wilson I*). We concluded his claims of actual innocence, as well as his challenges to the voluntariness of his plea, the ineffectiveness of his counsel, and the constitutionality of his sentence, were unsupported by law or facts.

In 2010, Wilson filed a motion under 18 U.S.C. § 3582(c)(2) to reduce his sentence. *United States v. Wilson*, 421 Fed. App'x 822, 824 (10th Cir. 2010), *cert denied*, 132 S. Ct. 3701 (2011) (*Wilson II*). He argued for a sentence reduction based on Amendment 706 to the Sentencing Guidelines. Alternatively, he contended his sentence violated the Eighth Amendment to the United States Constitution. The district court rejected both arguments. First, it concluded it lacked the authority to reduce Wilson's sentence under 18 U.S.C. § 3582(c)(2) because his sentence reflected the statutory mandatory minimum under 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(iii) and 851. Second, it determined the Eighth Amendment claim was not cognizable under 18 U.S.C. § 3582(c). *Id*. at 824-25. We affirmed, stating: "As Amendment 706 to the Sentencing Guidelines did not reduce the statutorily defined mandatory minimum, the district court necessarily lacked the authority to reduce Wilson's sentence pursuant to 18 U.S.C. § 3582(c)(2)." *Id*. at 825. We also concluded Wilson's additional argument—that the court's sentence was procedural error—was properly the subject of a [second or subsequent] § 2255 motion. *Id*.

On February 16, 2012, Wilson moved to reduce his sentence based on the Supreme Court's decision in *Freeman v. United States*, 131 S. Ct. 2685, 2693 (2011) (applying Amendment 750 to the Sentencing Guidelines in a Rule 11 plea context),[3] and the Fair Sentencing Act of 2010, Pub. L. No. 111-220, (FSA) (increasing the threshold quantities of narcotics which trigger mandatory-minimum sentences), effective November 1, 2011. The district court rejected these arguments because, as we stated in *Wilson II*, his previous drug conviction required a 20-year, mandatory-minimum sentence. 421 Fed. App'x at 825; *see* 21 U.S.C. § 841(b)(1)(A). Thus, his sentence was not based on the Guidelines but on a statutory minimum. Second, the increased drug quantities necessary to apply mandatory minimum under the FSA, which became effective after Wilson's sentencing, did not affect the minimum sentence required under § 841(b). The FSA would not apply to Wilson because he pled to possessing and distributing quantities which exceeded even its increased levels. (*Appeal No.* 12-8020.)

On March 12, 2012, Wilson filed a "Motion to Enforce the Plea Agreement in Reply to Government's Opposition to Defendant's Motion for Reduction of Sentence." In this motion/reply, he argued there was no § 841 enhancement associated with his plea agreement, the prosecution had agreed the minimum sentence was 10 years, and the district court impermissibly interfered with the plea discussions by suggesting the enhancement applied. The government moved to dismiss the motion/reply because it was

---

[3] In *Freeman*, a plurality of the Supreme Court held "the district court has authority to entertain § 3582(c)(2) motions when sentences are imposed in light of the Guidelines, even if the defendant enters into an 11(c)(1)(C) agreement." *Freeman*, 131 S. Ct. at 2693.

not related to the motion to reduce his sentence. Rather, it was a "straightforward challenge to the legality of his conviction and sentence" and "[a]s such, it constitute[d] a second or successive 2255 motion." (Vol. II at 185.) The court agreed, and determined the motion did not involve new evidence or a new, retroactive constitutional rule of law. (*Id*. at 192.); *see* 28 U.S.C. 2255(h). As a result, it dismissed the motion. (*Appeal No.* 12-8026.)

## DISCUSSION

Wilson's current appellate briefs in Appeal Nos. 12-8020 and 12-8026[4] abandon the sentence reduction arguments made to the district court. Instead, he contends the court erred when it interfered in the plea negotiations by applying a 20-year mandatory minimum. He claims the prosecutor had forgotten the § 851 notice had been filed and, therefore, when the plea agreement was reached, it contemplated a 10-year mandatory minimum sentence. Even if this argument had been timely made to the district court, it fails for several reasons. First, it is foreclosed by our decision in *Wilson II*, which held the plea agreement was valid and based upon a 20-year statutory minimum sentence. 421 Fed. App'x at 825 ("The record, however, indicates that the Rule 11(c)(1)(C) plea agreement did include consideration of Wilson's prior felony conviction in his sentence computation."). Second, the argument is properly the subject of a § 2255 motion. *See*

---

4 Appeal Nos. 12-8020 and 12-8026 have been consolidated. On February 21, 2012, Wilson filed a motion for the dismissal of his indictment and alleged that, because there was no non-governmental co-conspirator, the court was without jurisdiction. The denial of this motion was the subject of another appeal, Appeal No. 12-8036, which was dismissed on August 8, 2012, "for lack of prosecution"; the mandate was issued August 28, 2012.

*United States v. Torres-Aquino*, 334 F.3d 939, 941 (10th Cir. 2003) ("An argument that a sentence was incorrectly imposed should be raised on direct appeal or in a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.").

Because Wilson has already filed one unsuccessful § 2255 motion, he must receive certification from this court before filing another. 28 U.S.C. § 2255(h). A second or successive motion is certified only when "newly discovered evidence" clearly and convincingly establishes that no "reasonable fact finder" would find Wilson guilty of the offense or Wilson demonstrates the Supreme Court has iterated a new, retroactive rule of Constitutional law "that was previously unavailable." *Id*. Wilson has not attempted to meet this standard and cannot do so.

We **AFFIRM** the district court's denial of Wilson's motion for reduction of sentence and its dismissal of his motion to enforce his plea agreement.

The district court permitted Wilson to proceed on appeal without the payment of fees. His motion to this court for the same relief is dismissed as moot.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge

- 6 -